CASE 67—ACTION BY NOVELLA PENDLEY AGAINST GEORGE P. SCOTT AND
OTHERS TO RESTRAIN SAID SCOTT FROM TEACHING A DISTRICT
SCHOOL AND FROM PREVENTING PLAINTIFF'S USE OF THE
SCHOOLHOUSE.—JAN. 28.

# Scott and Others v. Pendley.

### APPEAL FROM BUTLER CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.   REVERSED.

SCHOOL   DISTRICTS—TRUSTEES—ACTS   OF   BOARD—EMPLOYMENT   OF
TEACHER—NOTICE OF MEETING.

Held:   Under Kentucky Statutes, section 4445, providing that "the
trustees in their corporate capacity at a meeting, called for that
purpose, shall employ a qualified teacher and agree with him as
to compensation," a contract employing a teacher executed by
two of the three trustees at a meeting in the county jail where
one of them was confined, of which meeting the third trustee
had no notice, is void.

2. It is necessary that a contract, to be binding on the district,
should be executed at a board meeting at which all three of
the trustees are present, and no meeting can be held unless all
are present, or unless the absent member has had notice, provid-
ed the absent member is in the county and with reasonabl effort
and diligence the notice could have been served on him.

3. The fact that the absent trustee had expressed himself in opposi-
tion to employing the person contracted with, did not render
a notice to him of the meeting unnecessary.

N. T. HOWARD, W. R. GARDNER AND J. W. HARRELD, FOR AP-
PELLANT.

On July 1, 1901, Miss Pendley, appellee herein, a qualified
teacher, applied for the school in District No. 71, in Butler
county.   The trustees were Blancett, Baxter and Doolin.   Doo-
lin, in company with some friends of appellee, went to the
county jail where Blanchett was confined and got a contract
signed by Blancett and Doolin for appellee to teach said school
for the school year ending June 30, 1902.   Baxter, the third
trustee was not present and had no notice of the meeting.

In a few days thereafter, Blancett resigned as trustee and
Galloway was appointed in his stead.

Scott and Others v. Pendley.

On July 5, a meeting was held at the school house in said district to employ a teacher of which all the trustees had notice, at which the trustees ignored the attempted contract made with appellee, and employed appellant, George Scott to teach the school and placed him in possession of the school house. After the school was in progress, appellee obtained a mandatory injunction compelling Scott to vacate the house and preventing him or the trustees from interfering in any way with appellee in teaching the school.    On the trial of the action judgment was rendered adjudging that appellee was entitled to teach the school and perpetuating the injunction from which judgment this appeal is prosecuted.

Our contention is, that the trustees of a school district are a body corporate and can make contracts only in such capacity; that each should have notice of the time, place and purpose of the meeting, and that no two can act without notice to the other of the time and place of meeting, and that a contract is not binding except made at a meeting called and held in this way.    School District v. Bennett (Arkansas); Kentucky Statutes, sec. 4445; State v. Johnson, 26 Ark., 281; Aikman v. School District, 27 Kan., 129; Hazen v. Serche, 47 Mich., 626; School District v. Jennings, 10 Ill. Ap., 643; Ballard v. Davis, 31 Miss., 533; Downing v. Rugor, 21 Wend., 178.

GUFFY & WHALIN and TAYLOR & BORCH, for appellee.

The contract of appellee was signed by two of the trustees, Blanchett and Doolin, July 1, 1901, and this fact was known to appellant Scott and to all three of the trustees in office at the time he claims to have been employed on July 5.

Scott contends that appellee's contract is not binding because not made at a meeting held by the trustees for that purpose.

We contend that Baxter had notified appellee that he would consent to employ her, and it was therefore not necessary to notify him of the meeting when the other two trustees had agreed to employ appellee.    13 Neb., 68; 98 Post., 444; 70 Post., 229; 22 Rep., 390; 22 Rep., 95.

Opinion of the court by JUDGE NUNN—Reversing.

On the 1st day of July, 1901, Thomas Baxter, G. W. Doolin, and W. T. Blanchett were the trustees of school district No. 71 in Butler county, Ky., and on that day, in the county jail, where Blanchett was confined on the charge of felony, the said Blanchett and Doolin made and execut-

ed a written contract with appellee, Pendley, to teach the
school for that district for that school year. It is agreed
that no call was made for this meeting held in the jail, nor
did Baxter, the other trustee, have any notice of same.
On the 3d day of July, Blanchett resigned as trustee, and
one Galloway was appointed and qualified. On the 5th of
said month, and after notice had been served on Doolin,
the other trustee, a meeting was called for the purpose of
employing a teacher; and at said meeting (Doolin not
attending) Baxter and Galloway entered into a written
contract with appellant Scott to teach the school. Both
appellant and appellee had notice of the contract of each
other. On the 25th of July thereafter, appellant Scott
commenced to teach the school; and appellee filed this
action, setting forth her contract, and obtained a temporary
restraining order against appellant and trustees Baxter
and Galloway, prohibiting Scott from teaching the school,
and the trustees from preventing her the use of the school-
house, and the appellee entered and taught the school. The
only question necessary for the court to determine is, was
the appellee entitled to teach the school, under her con-
tract?

The Kentucky Statutes (section 4445), in so far as ap-
plicable, reads as follows: "The trustees, in their corpor-
ate capacity, at a meeting called for that purpose, shall
employ a qualified teacher, agree with him as to compensa-
tion, etc. We have not been cited to, nor have we been
able to find, any decisions of the court of appeals of Ken-
tucky construing this part of said statutes. We have been
referred to an opinion of the supreme court of Arkansas
School District v. Bennett, 52 Ark., 511, 13 S. W., 132,
in which case the same question was involved. In that case
this language is used: "It is necessary that a contract,
to be binding on the district, should be executed at a

board meeting at which all the directors are present, or at which the one absent had notice. We appreciate the practical importance of this question, but entertain no doubt as to its proper solution, either on reason or authority. The different members of a board, scattered in the pursuit of their several avocations, are not the board. Duties are cast upon boards composed of a number of persons, in order that they may be discharged with efficiency and wisdom arising from a multitude of counsel. This purpose can not be realized without reference to the matters intrusted to them before they take action thereon. After conference the board will often escape unwise measures, to whch each of the members, acting separately, would have committed themselves, either from haste, immature discretion, or an unwillingness to shorten the allotted span of life under the entreaties of an importunate agent or teacher. The public selects each member of the board, and is entitled to his services. This it can not enjoy if two members can bind it without receiving or even suffering the counsel of the other. Two could, if they differed with the third, overrule his judgment and act without regarding it; but he might by his knowledge and reason change the bent of their minds, and the opportunity must be given him. We conclude that two directors may bind the district by a contract made at a meeting at which the third was present, or of which he had notice, but no contract can be made except at a meeting, and no meeting can be held unless all are present, or unless the absent member had notice. We do not decide that the members of a board may not act separately and without meeting in a manner which involves no exercise of discretion." This court is of opinion that this part of the above quotation,

"No meeting can be held unless all are present or unless the absent member had notice," should be qualified by adding thereto these words, "provided the absent member is in the county, and with reasonable effort and diligence the notice could have been served on him." It is the opinion of this court that the contract of appellee with Doolin and Blanchett was made contrary to the statute, and that she had no right to teach the school thereunder.

It is stated that Baxter had previously expressed himself in opposition to contracting with appellee, and Doolin with appellant, and Blanchett had promised both; and appellee claims for this reason that notice to Baxter was unnecessary and useless. If these statements be true, it more clearly shows the necessity of bringing the board together, or at least giving all an opportunity of coming together and exchanging reasons and arguments before entering into a contract with a teacher. Certainly Baxter should have had an opportunity, if he desired, in connection with Doolin, to reason with and try to convince Blanchett that the contract with appellee should not have been entered into.

For these reasons, the judgment of the lower court is reversed, and cause remanded, with directions to dismiss appellee's petition.

Judge Settle not sitting.