CASE 88.—PETITION FOR MANDAMUS BY J. F. SHORT FOR
          TRUSTEE OF SCHOOL DISTRICT AGAINST L.
          A. L. LANGSTON, &C. TO COMPEL THEM TO
          ACCEPT A SCHOOL CENSUS.—May 23.

# Short, &c. v. Langston, &c.

Appeal from Galloway Circuit Court.

Thos. P. Cook, Circuit Judge.

Demurrer to petition sustained and plaintiffs
appeal—Reversed.

Schools and School Districts—District Board—Powers—School
    Census—Ky. Stats., 1903, section 4449, provides that the
    trustees of each school district shall annually take a census
    of children who will be between the ages of six and twenty
    years on the 1st of July following; and shall send a list to
    the county superintendent, and one to the clerk of the county
    court. Section 4434 provides that any two of the trustees
    constitute a quorum to transact business at a meeting of
    which all shall have had reasonable notice. Section 4437
    makes the trustees a body corporate. Held, that a census
    certified to by only the chairman of the board of trustees
    was not the act of the district, and the county superintendent
    had no power to make it a part of his records.

ZEB A. STEWART for Appellants.

Our contention is that the chairman of a school district, as
well a county superintendent are both ministerial officers, and
that when the census returns of a district and properly made out
and returned by a quorum of the trustees, the county superin-
tendent has no right to refuse to accept same, or to refuse to
certify same to the state superintendent. (Civil Code, secs. 474,
476; City of Cynthiana v. Board of Education, 21 Ky. Law Rep.,
752; Ky. Stats., secs. 4434, 4449; Am. & Eng. Ency. of Law vol.

19, p. 465 (1 ed.);  High on Legal Remedies, p. 12, 16 and 17; Leslie County v. Wooten, 75 S. W., 208;  Cochran v. Beckham, 89 S. W., 262;  Young v. Beckham, 72 S. W., 1092.)

BENNETT, ROBBINS & THOMAS for appellees.

(No brief in the record.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

This suit was filed by the trustees of Dexter common school district No. 78 in Galloway county, on relation of J. F. Short and P. A. Smith, against two of the trustees of the district, against J. F. Padgett, the other trustee who was the chairman of the board, and L. A. L. Langston, the county school superintendent, to obtain a mandamus. The circuit court sustained a general demurrer to the petition, and the plaintiff's appeal.

It is alleged in the petition that Short, Smith and Padgett are the duly elected and qualified trustees of the district; that the trustees of the district in the year of 1906 made a census of the school children, and reported it to the county superintendent, as required by the statute; that under this census there were 69 school children in the district; that Langston refused to receive the census which they made, and Padgett had alone made a census which had not been adopted by the trustees. and was fraudulent and incorrect, by which he made it appear that there were 77 children in the district; that the census made by Padgett was not approved by the trustees or certified by them, but only by Padgett; that the county superintendent had accepted the census made by Padgett and had refused to place upon the record the census

made by the trustees and certified by them. The plaintiffs also set out in detail the different persons placed by Padgett in his census who were not pupils of the district within the ages required by the statute. They prayed a mandamus requiring the county school superintendent to accept the census which the trustees of the district had made and certified, and to certify it to the superintendent of public instruction as the census of the district. While the case was pending, M. C. Davis, on her petition, was allowed to file her petition in the action in which she joined with the plaintiffs, charging that she was a teacher by occupation; that she held second-class certificate, and was so authorized to teach in any common school district not reporting more than 75 pupil children; that at a regular meeting of the trustees of the district, she had been employed to teach the school for the year 1906; that she had begun the school and was teaching it; and that the census made by Padgett was fraudulently made by him to prevent her from teaching the school and obtaining the money for it. A number of other allegations are made which are not material to be set out here.

Section 4449, Ky. Stats., 1903, is as follows: "It shall be the duty of the trustees of each district, annually, during the month of April, to take an exact census of all the children that reside in such district on the first day of April who will be, on the first day of July following, between the ages of six and twenty years, and on or before the first day of May report a list of the same to the county superintendent, and a duplicate list to the clerk of the county court, to be filed in his office, specifying the name, age, sex and names of the parents or guardians of each child, to be entered in a book furnished him by the state,

and kept as part of the records of his office." By
section 4434, Ky. Stats., 1903, any two, of the trustees
may constitute a quorum to transact business at a
meeting of which all shall have had reasonable notice,
and by section 4437 the trustees are made a body
corporate.  The census required to be taken by sec-
tion 4449, above quoted, is the act of the trustees.  The
county superintendent has no right to receive or cer-
tify any census which is not certified by the trustees
of the district.  A census certified by one of the
trustees, although he is the chairman, but which has
not in fact been approved by the trustees, is not the
act of the district, but only one of the trustees.  When
all of the trustees have had reasonable notice of a
meeting, then any two of the trustees meeting pursu-
ant to the notice constitute a quorum to transact bus-
iness, and a census thus approved is the act of the
district.   If it shall turn out that neither of the
reports made to the county superintendent is the act
of the district, then the writ should go, for no census
report which is not the act of the district should be
made a part of his records or certified by him to the
school superintendent.  It is alleged in the petition
that the county superintendent was notified that the
trustees had not approved the census returned by
Padgett, and that he was requested to file the census
which the trustees had in fact made and certified,
and that this he refused to do.

The trustees in their corporate capacity represent
the school district.  The action is brought, therefore,
by the district to protect valuable rights.  The district
has the right to have its records properly kept, that
confusion may be avoided in its accounts with the
state, that it may be served by the teacher of its own
choosing, and that it may not be involved in litigation.

Section 4434, Ky. Stats., 1903, among other things, provides: "The trustee having the shortest time to serve shall be chairman of the board of trustees, whose duty it shall be to preside at all its meetings and to make the reports, and to perform all other such acts and duties as required by law of trustees; and in case of neglect or non-performance of duty, the one so remiss of duty shall be subject to like fines and penalties as imposed by law on trustees for neglect of duty or other violations of law." By this provision the trustee having the shortest time to serve is chairman. It is his duty to preside at all meetings of the board, to make the reports, and to perform all other such duties as are required by law of a school trustee; but this does not make him the board or make his act the act of the board. He. has no more authority as to matters required of the trustees than any other trustee. He is to report the action of the board, and is "to perform all other such acts and duties as required by law" of any other trustee.

The case is here on demurrer to the petition. The demurrer admits the truth of the allegations of the petition. If the facts stated in the petition are true, the census made by Padgett and returned by him was void, and the plaintiffs are entitled to the mandamus prayed.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the petition, and for further proceedings consistent herewith.