CASE 76.—PROCEEDINGS BY NELLIE CORNETT AGAINST ELLEN TERRY AND OTHERS TO RESTRAIN SAID TERRY FROM TEACHING A CERTAIN SCHOOL.— February 10, 1910.

## Terry, &c. v. Cornett

Appeal from Breathitt Circuit Court.

DAVID B. REDWINE, Circuit Judge.

Injunction granted and defendants appeal.—Reversed:

Schools and School Districts—Officers—Appointment—Power to Make.—On grounds of public policy, an official, charged with the responsibility of administering the affairs of his office, should have the right, in the absence of a statute to the contrary, to select persons to fill vacancies, occurring during his term, that the law authorized him to make appointments for, and a superintendent of schools had authority on June 29th to appoint a school trustee to fill a vacancy to occur on July 1st in the same year, where his term extended beyond that date, and he had power to make the appointment when the vacancy occurred.

H. V. McCHESNEY and A. H. PATTEN for appellants.

MARTIN T. KELLY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The purpose of this litigation is to determine whether the appellant Ellen Terry or the appellee

Nellie Cornett was entitled to teach the public school in district No. 11 in Breathitt county for the school year of 1908-1909.

On July 1, 1908, Samuel Combs and Elisha Gross, who claimed to be acting as trustees of the district, entered into a contract with Ellen Terry, by which they employed her to teach the school. Under this contract she commenced the school on July 6th, and continued to teach until September 21st, on which date she was restrained from further teaching by an order obtained by Nellie Cornett in this action, brought by her on September 19th. In her petition she averred that on July 1st, as well as on the 7th of the same month, the trustees were Henry Spencer, Granville Spencer and Samuel Combs, and that on the 7th two of the trustees, Henry Spencer and Granville Spencer, entered into a contract with her to teach the school for the school year. She further averred that Elisha Gross, one of the persons who as trustee made the contract with Ellen Terry on July 1st, was not on that date a trustee, and, therefore, the contract made with Ellen Terry by Elisha Gross and Samuel Combs was a nullity, and did not entitle her to teach the school, or to receive any of the school fund. She asked that she be adjudged the legally employed teacher for the year, and entitled to the whole of the school fund. Ellen Terry in her answer, after averring that Gross and Combs were trustees, and setting up her contract with them, denied that Granville Spencer, one of the persons who made the contract with Nellie Cornett on July 7th, was a trustee. She made her answer a counterclaim, and asked that she be adjudged the legally employed teacher of the school for the year, and entitled to the whole of the school fund. The question

as to which one of these teachers had a legal contract to teach the school depends on whether Granville Spencer or Elisha Gross was the legal trustee on July 1st. If Gross was the trustee, then the contract with Ellen Terry was a valid contract, if he was not the trustee, then the contract made by the two Spencers with Nellie Cornett was a legal contract.

The superintendent of schools of Breathitt county in his evidence said that Granville Spencer was appointed on June 28, 1907, to serve from July 1, 1907, until the 1st day of July, 1908, that on June 29, 1908, he appointed Elisha Gross as trustee in place of Granville Spencer, to take his office on July 1st, and hold until July 1, 1909, and that on the day of his appointment he qualified by taking the oath of office; that he recognized Sam Combs, Henry Spencer, and Elisha Gross as the trustees of the school on July 1, 1908. The evidence further shows that both Henry Spencer and Granville Spencer were present when the contract was made with Ellen Terry on July 1st, and knew that Elisha Gross, who had been appointed trustee to succeed Granville Spencer, was acting as such trustee when the contract was made with her, and that she commenced her school on July 6, 1908. Upon hearing the case the court sustained the injunction, and adjudged that Nellie Cornett was entitled to $183.62 of the school money set apart for that school in 1908, and Ellen Terry was entitled to $155.47. In short, the school fund was divided between the contestants in proportion to the time each taught.

It being conceded that Granville Spencer was the duly appointed and acting trustee on June 29th, as well as June 30th, and that his term did not expire until the beginning of July 1, 1908, the argument is made in behalf of appellee that the appointment

and qualification of Elisha Gross, on the 29th of
June, to take his office as trustee on July 1st, was
a nullity—and this upon the ground that, as Gran-
ville Spencer's term did not expire until July 1st,
no appointment of his successor could be made until
his term actually expired. On the other hand, it is
insisted by counsel for appellant that an appoint-
ment may be made to take effect at a future date,
and therefore although the appointment of Elisha
Gross was made on June 29th to become effective on
July 1st, the appointment was valid, and Gross be-
came, by virtue of it, entitled to the office on July
1st. It seems, therefore, that the only question in
the case is the validity of Gross' appointment, or,
in other words, whether an appointment can be made
to fill a vacancy before the vacancy occurs.

In support of the proposition that an appointment
made to fill a vacancy before the vacancy actually
exists is void counsel for appellee calls our attention
to McGlone v. Zornes, 107 S. W. 329, 32 Ky. Law
Rep. 965. In that case the only point decided was
that an appointment to presently fill a vacancy when
there was no vacancy was a nullity. Of course, if
an office is not vacant, no person can be appointed
to fill it. But that is not the case we are dealing
with. And to the case of Sheperd v. Gambill, 75 S.
W. 223, 25 Ky. Law Rep. 333. There the question
to be determined was whether Lewis Turner or Sam
Spicer was trustee on July 1, 1902, when the contract
with Gambill was made. It appears that the term
of Lewis Turner as trustee expired on June 30, 1902,
and the superintendent of schools, whose term expir-
ed on January 5, 1902, appointed Turner on January
2, 1902, to fill the vacancy in his office, which would
occur on July 1, 1902, as there had been no election

held in the October previous to elect a successor to
Turner.  The succeeding superintendent on July 1st
appointed Sam Spicer to fill the vacancy caused by
the expiration of the term of Lewis Turner on June
30th.  Turner claimed that his appointment on Jan-
uary 2d, and his qualification thereunder, continued
him in office for the year succeeding June 30, 1902,
and that Sam Spicer's appointment on July 1st was
a nullity, but the court refused to accept this con-
tention as correct, and held that the appointment of
Turner under the circumstances was void.  It will
be noticed that, in holding invalid the appointment
of Turner, the court was dealing with an appoint-
ment made on January 2d, to take effect on July 1st,
by a superintendent whose term of office expired
three days after he made the appointment.  The
material difference between that case and this is ap-
parent.  We entirely agree with the conclusion reach-
ed, but it does not sustain appellee's contention.
Here the superintendent who appointed Gross knew
that the vacancy he appointed him to fill would occur
within two days, and that on the day the vacancy oc-
curred he would be in office and have the right of ap-
pointment.  We know of no objection, upon the
ground of public policy or otherwise, that can be
urged against a practice like this. If it was necessary
in all cases to delay making an appointment to fill
a vacancy until the office was actually vacant, much
confusion and disorder in the public service might
be occasioned, and so we think that an appointment
may be made within a reasonable time before the va-
cancy actually exists, to take effect when it occurs,
if it be made by the authority that would have the
right to make the appointment when the vacancy
does occur.  A person cannot be appointed presently

to fill a vacancy when there is no vacancy, but he can be appointed to fill a vacancy that will shortly occur; his appointment to take effect when it does. This view of the law applicable to cases like this is generally accepted as correct. Mechem on Public Officers, Sec. 133; Whitney v. Van Buskirk, 40 N. J. Law 463; State v. O'Leary, 64 Minn. 207, 66 N. W. 264; State v. Catlin, 84 Tex. 48, 19 S. W. 302; People v. Ward, 107, Cal. 236, 40 Pac. 538; Ivy v. Lusk, 11 La. Ann. 486; Clarke v. Irwin, 5 Nev. 113.

We can well understand that there might be good reasons presented against the practice of making an appointment to fill a vacancy that would occur at a distant date, and have no doubt that it would be very objectionable to allow an official to make an appointment to take effect in the future when the vacancy to fill which the appointment was made would occur in the term of a succeeding official. To uphold the validity of such an appointment would oftentimes enable an official to take from his successor a part of the rightful powers and emoluments of his office, and surround him with offensive appointees not in harmony with his methods or in sympathy with his purposes. Upon grounds of public policy an official charged with the responsibility of administering the affairs of his office should have the right, in the absence of a statute to the contrary, to select persons to fill vacancies occurring during his term that the law authorized him to make appointments for.

It follows from these views that the appointment of Gross, was legal, and consequently the contract made with Ellen Terry by the two trustees gave her the authority to teach the school for the term and the right to receive the public money.

Wherefore the judgment is reversed, with directions to dissolve the injunction and order the payment to Ellen Terry of the money adjudged to Nellie Cornett.