## Pierce v. Sullivan.

(Decided October 5, 1920.)

## Appeal from Russell Circuit Court.

1.  Schools and School Districts—Election of Chairman of Division Board.—The election of appellee to the office of chairman of the division board of trustees of educational division No. 1 of Russell county was legal, as it was effected by his receiving the votes of a majority of the trustees of the subdistricts composing such educational division at a meeting of the trustees, attended by a quorum, which meeting was called by the county superintendent of schools for the holding of such election upon written notice to the trustees of the subdistricts of the educational division.

2.  Schools and School Districts—Election of Chairman of Division Board.—Where, at such election, nine of the fourteen trustees of the subdistricts composing the educational division were present and participated in the election, they constituted one more than the quorum necessary to proceed with the election; and as eight of such trustees, constituting a majority of the trustees of the fourteen subdistricts of educational division No. 1, voted for appellee for the office of chairman of the division board of such educational division, the judgment of the circuit court declaring him elected to the office was authorized.

3.  Schools and School Districts—Election of Chairman of Division Board.—The fact that the term of office for which each of two of the subdistrict trustees voting for appellee had been elected, expired before the latter received their votes, did not render the votes invalid, as under the provisions of Kentucky Statutes, section 4434a-1, they were entitled to continue in office as trustees until their successors were elected or appointed and had qualified; and, admittedly, no successor to either of them, even if elected or appointed, had then qualified.

4.  Schools and School Districts—Election of Chairman of Division Board.—The fact that the qualification, and consequent induction into office, of three of the subdistrict trustees voting for appellee at the election in question, had not then been reported in writing to the county superintendent of schools, did not invalidate the votes cast by them for appellee, as the three were duly elected at the preceding regular election and did in fact, before the meeting at which appellee's election took place, duly qualify, each as the trustee elect from the subdistrict of his residence, by taking the prescribed oath of office administered by a notary public having authority to act. While the statute required this to be certified or reported in writing to the county superintendent of schools, it fixes no time within which it must be done; hence, the reception by the county superintendent two weeks later of the report showing the qualification of the three trustees just before appellee's elction, was sufficient to establish their right to take part therein.

5.  Schools and School Districts—Election of Chairman of Division
    Board.—The election of appellee was not . rendered invalid by
    the absence, at the time, of the county superintendent of schools
    on account of sickness.  It was sufficient that the meeting for
    holding the election was duly called by him on proper notice,
    that it was held on the day it was called, and that it was at-
    tended and participated in by a majority of the subdistrict trus-
    tees of the educational division.

J. H. STONE for appellant.

LILBURN PHELPS for appellee.

OPINON OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by the appellee, A. E. Sulli-
van, under the provisions of the Civil Code of Practice,
sections 480, 483, to recover of the appellant, John
Pierce, the office of chairman of the division board of
trustees of educational division No. 1 of Russell county;
to which he (appellee) claimed as alleged in the petition,
to have been duly elected, but of which, as further alleged,
the appellant, at the instigation of the county school
superintendent, had wrongfully taken possession and
was attempting to deprive him.

The answer of appellant denied appellee's right to
the office and his (appellant's) usurpation of same; at-
tacked the legality of the election under which appellee
claims it, and alleged his own election thereto and con-
sequent right to take possession thereof and enter upon
the performance of its duties.  After the filing of such
other pleadings as were necessary to complete the issues,
the introduction of evidence and submission of the case,
the circuit court declared appellee entitled to the office in
question and to perform its duties; and ordered appel-
lant to surrender to him the office and all records ap-
pertaining to same.  From the judgment manifesting
these rulings the latter has appealed.

Appellee's right to the office in controversy is as-
serted by virtue of an election of March 1, 1920, in which,
it is claimed, a quorum and majority consisting of nine
of the fourteen trustees of the subdistrict composing
educational division No. 1 participated; and that eight
of the nine trustees present and participating in the
election voted for appellee as chairman of the division
board of trustees of educational division No. 1, the vote
of the ninth trustee present being cast for one Conner,
and that the majority of votes thus received by appellee

secured his election and warranted the announcement of that fact, made by the chairman presiding at the election, after the vote was taken.

On the other hand, it is contended by appellant that the election of March 1st, under which appellee claims the office in controversy, was and is void; and that he is entitled to same by virtue of his election thereto at a subsequent meeting of more than a quorum of the trustees of the subdistricts of educational division No. 1, held March 17, 1920, at which he received a majority of the votes of such trustees. Before entering upon a discussion of the grounds of appellant's objection to the validity of appellee's election, it will be necessary to ascertain the authority for such an election and the manner of holding it.

The desired information may be found in the common school law as contained in Kentucky Statutes (Carroll's edition 1918), sections 4426a-2, 4426a-4, 4434a-1 and 4434a-2. Section 4426a-2, provides for the division, by the county superintendent of schools, county judge and county attorney of each county into educational divisions, and for the division of each of such educational divisions into subdistricts. Section 4426a-4, provides for the election of a trustee from each of such subdistricts. Section 4434a-1, prescribes the qualifications and term of office of the trustees to be elected from the subdistricts, the time and manner of electing them; and provides that after being elected they "shall serve until their successors are duly elected or appointed and qualified as herein provided."

The general powers and duties of trustees of the subdistricts respecting the schools situated therein, are specifically defined by section 4434a-3 of the statute. Section 4434a-2 which applies to the election under consideration in the instant case is as follows:

"The county superintendent of schools shall meet the trustees so elected from the various school subdistricts of each educational division at his office on the first Saturday in March following the date of their election, proper notice having been given in writing to each trustee as to the time and place of such meeting for the purpose of organizing the trustees so elected into a division board of school trustees by choosing one of said trustees to be chairman and one to be secretary of said division board.

"The county superintendent of schools shall be a member of such division board of his county, but shall

only vote upon any matter in case of a tie vote, and then he shall cast the deciding vote.

"Any vacancy that may exist in the trusteeship of any school subdistrict shall be filled by appointment by the county board of education and to them petition may be made by voters of the subdistrict.

"Should the office of chairman of a division board become vacant the county superintendent as soon as the election has been held to elect a subdistrict trustee, as above provided, shall call a meeting of said division board and shall then proceed to elect another chairman, and until a chairman is so elected such division board may choose one of its members as a temporary chairman."

It is conceded by appellant that the election of March 1st, 1920, at which appellee claims to have been elected to the office in question, took place on the first Saturday in March after the November election 1919, at which trustees were elected from the subdistricts of educational division No. 1; and further conceded by him that the meeting of March 1st, 1920, was called by the county superintendent of schools, after written notice to the trustees of the subdistricts of educational division No. 1 for the purpose of electing a chairman and secretary of the division board of trustees of that educational division, but he insists, nevertheless, that the election then held is void for the following reasons: (1) that the county superintendent of schools was not present and did not preside as chairman at or during the election; (2) that a quorum of the trustees of subdistricts in educational division No. 1 was not present; (3) that five of the persons claiming to be trustees of subdistricts in that division present and participating in the election and whose votes were cast and counted for appellee, were not in fact trustees or entitled to vote in the election; that the exclusion of these five votes would leave but four legal votes received by appellee, which is four short of a majority of the fourteen trustees of subdistricts of educational division No. 1.

We are unable to find even a plausible reason for sustaining appellant's first contention. It appears that the county superintendent of schools was prevented by illness from attending the meeting after it had admittedly been duly called by him and notice given to those entitled to participate in the election. If he had been present it would have been his duty to preside at the meeting of the trustees of the subdistricts composing the educational di-

vision, and during the election; but as will be seen from the language of section 4434a-2, *supra,* he could not have voted in the election or on any question presented at the meeting, except in case of a tie. If there was a quorum of trustees from the subdistricts of the educational division present, his absence should not have defeated the object of the meeting he had called. The sensible thing to do in the situation presented was for some one of the trustees present, either by common consent of the other trustees or by election through their votes, to act as chairman of the meeting and during the election that followed, and this was done. No authority is cited to sustain this contention of the appellant and we apprehend that none can be found. Suppose the county superintendent had died after calling the meeting of the trustees of the subdistricts, or had wilfully absented himself therefrom, could it reasonably be contended that action required of the trustees at the meeting vitally affecting the conduct of the schools of the educational division, or the education of the children therein, should be suspended or deferred because of the absence of the county superintendent? To give other than a negative answer to the question would put it in the power of the county superintendent by absenting himself to wrongfully defeat any action on the part of the trustees of the subdistricts of an educational division looking to an election or the betterment of the schools therein and the welfare of those entitled to attend them.

The second and third contentions of appellant will be considered together, for the question raised by the second, viz.: whether a quorum of the trustees of subdistricts composing educational division No. 1 participated in the election of appellee, depends upon the determination of that made by the third contention. In the absence of anything in the statute declaring what number of trustees of the subdistricts of an educational division shall constitute a quorum at a meeting of such trustees called to elect a chairman of the division board of trustees of such educational division board of trustees of such educational division, it would perhaps be safe to say that a majority of them is required; and if this be conceded, and appellant's third contention that five of the nine persons claiming to be trustees and participating in the election were ineligible to do so, and these five constituted that many of the eight votes received by appellee, it would seem to follow that there was not a quorum pres-

ent and that appellee did not receive the majority necessary to secure his election.

It is claimed by appellant that two of the five persons referred to, Arndell Sullivan and W. O. Long, could not legally vote for appellee or otherwise act as trustees, because the term of office of each of them had expired and each been succeeded by another trustee, elected in November, 1919. It appears from the evidence, however, that the person elected from the subdistrict of Sullivan died soon after his election without having qualified as trustee or obtaining possession of the office; nor had there been down to March 1st, 1920, any one elected or appointed trustee in his stead. So in such state of case Arndell Sullivan, under the provisions of section 4434a-1 of the statute, *supra,* was entitled to continue in possession of the office of trustee of the subdistrict he claimed to represent and to perform the duties thereof, until the election or appointment and qualification of his successor. He was therefore rightly in possession of the office when the meeting and election of March 1st, 1920, occurred and then entitled to vote for appellee, as it is admitted he did.

As to the alleged ineligibility of W. O. Long to participate in the election of March 1st, 1920, it is sufficient to say that although another had been elected in November, 1919, to succeed him as trustee, such other person, as appears from the evidence, had not on or prior to March 1st, 1920, qualified as such trustee by taking the oath of office or possession of the office and was not present at the election that day; but Long according to the evidence remained in possession of the office and was in possession thereof and performing its duties March 1st, 1920, which facts under the provision of section 4434a-1, *supra,* permitted him to continue its duties until his successor qualified. Hence he too was legally entitled to participate in the election of March 1st, 1920, and to vote for appellee as he then did. The foregoing facts respecting Anderson and Long are substantially undisputed.

We are unable to say that appellant's attack upon the remaining three alleged illegal votes received by appellee is sustained by the record. It appears from the evidence that the three persons by whom these votes were cast for appellee were duly elected in November, 1919, trustees from their respective subdistricts, all within the boundary of educational division No. 1; and although it was necessary for each of them to qualify before beginning the performance of his official duties as trustee by tak-

ing the oath of office as such and none of them had done so prior to March 1, 1920, if on that day and before the meeting and election in which they participated they qualified by taking the oath of office as trustees respectively, such qualification constituted a legal induction into office and entitled them to participate in the election and to vote for appellee.

There is a contrariety of evidence as to whether they qualified by taking the oath of office. Unfortunately the trustee elected secretary of educational division No. 1 at the meeting of subdistrict trustees, and whose election is uncontested, did not make a full record of the proceedings; indeed it shows little beyond the election of appellee as chairman of the board constituting educational division No. 1 and his own election as secretary, but it appears from the testimony of Chumly, a notary public, who was present at the meeting of March 1st, that he administered the oath of office before the meeting and election to a number of trustees of subdistricts elected in November, 1920, indeed to all who requested it; and while he was indefinite as to the names of some of them, at least two of the three whose right to vote is challenged by appellant, were named by him as among those sworn by him. Other witnesses, however, testified as to the administering of the oath by the notary to the three; and considered as a whole the weight of the evidence is to the effect that the three were duly qualified by taking the oath of office under the administration of the notary before taking part in the election.

It is, however, insisted for appellant that their qualification was incomplete without the filing of a certification by the notary of their having taken the oath of office with the county superintendent of schools before the election of March 1st, 1920. This contention is untenable; while such certification is required by the statute, it does not appear to fix the time for filing it with the superintendent. The certification would furnish evidence of the qualification of the trustee; but if not filed with the superintendent it would not affect the trustee's right to act as trustee, if his qualification as such were otherwise shown. Graham v. Jackson, 112 Ky. 883. Moreover, it also appears from the evidence that the required certification of the due qualification prior to the meeting of March 1st of the three trustees in question by Chumly and of the election of appellee March 1st, to the office here in controversy was furnished the county superintendent on the day and before the election

of March 17, under which appellant claims the office; notwithstanding which and contrary to the advice of the state superintendent of schools and attorney general, he declared appellee's election void and proceeded to hold the election of March 17th.

It being our conclusion that there was a quorum of subdistrict trustees present and participating in the election of March 1st, 1920, and that appellee received eight of the nine votes legally cast therein and thereby became entitled to the office claimed by him, the judgment of the circuit court awarding him the office is affirmed.