## Glass, et al. v. City of Hopkinsville, et al.

(Decided June 19, 1928.)

### Appeal from Christian Circuit Court.

1. Schools and School Districts.—Where school district which board of education served was not larger than county, Constitution, sec. 152, providing that "all other appointments shall be made as may be prescribed by law" applied as to appointment of members of board to fill vacancies, even though they are state officers.

2. Schools and School Districts.—Ky. Stats., sec. 3463, empowering board of education to fill vacancies in board until following election, presupposes presence of quorum as condition to valid action, and power may not be effectively exerted by less number.

3. Schools and School Districts.—Where board of education in city of third class consisted of nine members, five vacancies left board without legal quorum and disabled it from transaction of any business, under Ky. Stats., sec. 3462.

4. Schools and School Districts.—Members of board of education, whose terms were about to expire, could not legally participate in appointment of their own successors, where vacancies left board without legal quorum.

5. Schools and School Districts.—Where five members of board of education consisting of nine members was necessary for legal quorum, four remaining members after terms of the others expired could not fill vacancies on theory that Ky. Stats., sec. 3462, requires majority only of those constituting actual as distinguished from authorized membership.

6. Schools and School Districts.—Power conferred upon board of education under Ky. Stats., sec. 3463, to fill vacancies is limited to filling of vacancies when such vacancies are not sufficient in number to destroy required quorum, and, when vacancies result in reduction of board below majority of entire membership, it is wholly without power, under section 3462, to act as board or otherwise.

7. Schools and School Districts.—Where remaining membership of board of education did not constitute legal quorum and were thus unauthorized to fill vacancies under Ky. Stats., sec. 3463, Governor was authorized to fill vacancies under section 3758 and Constitution, secs. 152, 160.

W. H. SOUTHALL, HUNTER WOOD and S. T. FRUIT for appellants.

W. O. SOYARS, FRANK RIVES, WHITE & CLARK and BREATHITT & BREATHITT for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This appeal involves the rights of rival claimants to five memberships on the board of education of the city

of Hopkinsville, and the decision depends upon a determination of the authority to fill vacancies in the board when less than a quorum remains in office.

The five appellants claim the offices by virtue of appointment by the Governor, and insist that, under the circumstances that existed in this case, the power to fill vacancies is reposed by law in the chief executive of the state. Five of the individual appellees assert title to the same offices under appointments by the four remaining members of the board of education, participated in by the five members whose terms were expiring. The circuit court decided against the appointees of the Governor, and they appeal. The city of Hopkinsville is concerned only to have the matter settled that it may recognize, in the administration of the schools, the rightful incumbents of the offices.

The Constitution provides:

> "Vacancies in all offices for the state at large, or for districts larger than a county, shall be filled by appointment of the Governor; all other appointments shall be made as may be prescribed by law." Section 152.

> "The General Assembly shall prescribe the qualifications of all officers of towns and cities, the manner in and causes for which they may be removed from office, and how vacancies in such offices may be filled." Section 160.

Members of the board of education are state officers (Hoskins v. Ramsey, 197 Ky. 465, 247 S. W. 371; Whitt v. Wilson, 212 Ky. 281, 278 S. W. 609), but, as the district which they serve is not larger than a county, the case is governed by the provisions of section 152 of the Constitution that "all other appointments shall be made as may be prescribed by law." It is insisted on behalf of the appellees that the case is controlled by section 3463, Kentucky Statutes, which empowers the board of education "to fill until the next general election all vacancies in said board." It will be noted that the power is conferred upon the board of education and not upon its remaining members. Cf. Ky. Stats., sec. 4465, as amended by act March 7, 1922, p. 35, c. 8. When a power is delegated to a board or body consisting of several members, it presupposes the presence of a quorum, as a condition to valid action, and the power may not be exerted effectively by a less number. 43 C. J. page 503; Hopkins v. Dickens,

188 Ky. 368, 222 S. W. 101; Short v. Langston, 125 Ky. 816, 102 S. W. 236; Scott v. Pendley, 114 Ky. 606, 71 S. W. 647; Pierce v. Sullivan, 189 Ky. 193, 224 S. W. 872.

In cities of the third class, to which Hopkinsville belongs, the board of education consists of nine members and a majority elect of said board constitutes a quorum for the transaction of business. Ky Stats., sec 3462. It is apparent, therefore, that five vacancies left the board without a legal quorum and disabled it from the transaction of any business.

It is urged however, that the incumbents whose terms were expiring held over until the election and qualification of their successors, and enabled the board thus constituted to fill the vacancies. But we have held that officers, whose terms would expire before the vacancies occurred, could not make appointments to fill such vacancies. Terry v. Cornett, 136 Ky. 628, 124 S. W. 870; Dixon v. Caudill, 143 Ky. 623, 136 S. W. 1043; Shepherd v. Gambill (Ky.) 75 S. W. 223, 25 Ky. Law Rep. 333; Seiler v. O'Maley, 190 Ky. 190, 227 S. W. 141.

It follows that the five members whose terms were about to expire could not legally participate in the appointment of their own successors, which left the board without a quorum in the matter of filling prospective vacancies, and helpless to act on the subject.

Appellees present a theory that the "authority" to appoint members to fill vacancies is vested in the board of education, a corporation, which was then in being and would continue in being when the vacancies occurred, and when the appointments were to be made, which consideration is supposed to bring this case within the reasoning and strict letter of the authorities last cited. The theory is confounded by the fact that the board of education as a corporate entity cannot function with less than a quorum of its members and five of them whose terms were expiring were disqualified to vote on their own successors. The corporation can act only by its members, and, when a majority of them are disqualified on a given subject, the board itself is powerless to act thereon. But the appellees further argue that the four members remaining in office constituted all of the board of education legally in office, and as such had a right to carry on the business and fill the vacancies. This contention is predicated upon a definition of "majority

elect of said board," as used in section 3462, Ky. Stats., as meaning a majority of those constituting the actual, as distinguished from the authorized, membership thereof. State v. Orr, 61 Ohio St. 384, 56 N. E. 14; State ex rel. Wilson v. Willis, 47 Mont. 548, 133 P. 962.

The contention is unsound and utterly untenable. In our state the Legislature has sometimes provided that the remaining members of a board were empowered to fill vacancies (Ky. Stats., sec. 4465, as amended by Act March 7, 1922, p. 35, c. 8), and in many other instances has bestowed the power upon a board or body in which only a quorum could act, requiring a quorum to consist of a majority of all the members elect. The plain import of such provision is that a majority of all members that could in any event be elected to the board must be considered in office and counted to comprise a quorum. 43 C. J. 503; Pinson v. Morrow, 189 Ky. 291, 224 S. W. 879; Barry v. Town of New Haven, 162 Ky. 60, 171 S. W. 1012; Seiler v. O'Maley, 190 Ky. 190, 227 S. W. 141.

The case of Elliott v. Burke, 113 Ky. 479, 68 S. W. 445, is not an authority to the contrary. In that case the vacancy occurred by failure to elect an entire board, and it was held that the old board could lawfully continue in office until the election and qualification of their successors, which had not occurred. Cf. Fullerton v. Mann, 214 Ky. 764, 284 S. W. 113. It is true, it is said in the opinion, that the hold-over board had a right to fill the vacancies, but no such right had been asserted or exercised, and the question was not presented or decided. The remark referred to was an inadvertence, and, as we have seen, did not express the principle that properly applied. Booth v. Board of Education, 191 Ky. 147, 229 S. W. 84.

The power conferred upon the board is limited to the filling of vacancies when such vacancies are not sufficient in number to destroy the required quorum. When the vacancies result in a reduction of the board below a majority of the entire membership, as authorized by law, it is wholly without power to act as a board or otherwise, even to declare a vacancy. City of Williamsburg v. Weesner, 164 Ky. 775, 176 S. W. 224; Seiler v. O'Maley, supra.

It necessarily results that the board of education did not, under the circumstances existing, possess the power to fill the five approaching vacancies therein, or

any one of them. The General Assembly has provided, pursuant to the power conferred upon it by the Constitution, that the Governor shall fill all vacancies in office where no other provision therefor has been made. Ky. Statutes, sec. 3758. It was upon the authority of this statute that the Governor acted when he appointed the appellants to fill the five vacancies in question. Nelson v. Board of Education, 215 Ky. 40, 284 S. W. 386.

As there was no other provision of law for the filling of the vacancies in the board of education of Hopkinsville, when the vacancies left it without a quorum, the statute applied to the situation, and the Governor of the commonwealth was authorized to appoint the appellants to fill those five vacancies.

The circuit court erred in holding that the appointees of a minority of the membership of the board were entitled to the offices. It should have adjudged that the appointees of the Governor were the lawful incumbents and entitled to hold the offices until the election and qualification of their successors.

The judgment is reversed, with directions to enter a decree in accordance with this opinion.

Whole court sitting.