



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 18, 1939

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. 0-761
Re: Status of Board of Trustees
of New Boston Independent
School District.

We are in receipt of your letter of May 4, 1939, in which you request the opinion of this Department upon the questions submitted by L. H. Griffin, County Superintendent, Bowie County, in his letter which you have attached to your request.

The facts upon which the questions are based, as disclosed by his letter and a subsequent conversation with Mr. Griffin, are substantially as follows:

The New Boston Independent School District Board of Trustees was composed of seven members when one member presented his resignation in writing to one of the board members. At the next meeting called for the purpose of discussing problems which had arisen in regard to some lots to be purchased, five members were present, the others having not been notified of the meeting. After disposing of the other business the resignation of the seventh member was presented and accepted. Motion was then made and seconded that a new member be appointed but the chairman refused to take a vote upon the question for the reason that the sixth member had not been notified and was not at the meeting. Some disagreement appears to have arisen and the president left the meeting without disposing of the motion and without adjournment. Three members of the board then had it entered in the minutes that they would have supported the motion to appoint a seventh member.

Before this first meeting broke up, however, it was agreed that there would be another meeting the next night for the purpose of filling the vacancy and in due course of time all six of the members who had not at that time tendered resignations were notified of the meeting and its purpose. Before the meeting convened, however,

three of the remaining six members presented written resignations to the ex officio secretary of the school board. At the regularly appointed time and place only the three members of the board who had not tendered resignation were present. The three additional resignations at this time were brought up and upon motion duly seconded, the resignations were accepted by the three members present. Immediately after the acceptance of these three resignations, the remaining three members who were present appointed four new members to fill the vacancies occasioned by those resigning. When notified of their appointment, three of the newly appointed members refused to accept their appointments and refused to qualify and take the oath of office. One of the appointees, however, did qualify and take the oath of office.

At the next regular meeting of the board the three members who had not tendered resignations, and the one newly appointed member who had qualified and taken the oath of office, attended the meeting and appointed three other persons to fill the places which had been refused by the former appointees. These last three appointees then accepted the appointment, qualified and took the oath of office. None of the trustees who tendered resignations ever attempted to withdraw such resignations.

The following question are asked:

"Please advise us as to: First the legal status of the Board at the time the president refused to take a vote on a seventh member for the board after a motion had been made for an appointment and duly seconded, when there were only five members present.

"Second: Did the three members who remained on the board have authority for accepting resignations of the other three members?

"Third: Did the three members have the authority to appoint the four members to the board?

"Fourth: What is the legal status of the present board?"

Article 2777, Revised Civil Statutes, contains the following provision:

"The members of the board remaining after a vacancy shall fill the same for the unexpired term."

Article 16, Section 17 of the Constitution of Texas, is as follows:

"All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

Although it has been held that under this section of the Constitution an officer who holds over until his successor is duly qualified, is a de jure officer, (Cowan v. Capps, 278 S. W. 283; State v. Jordan, T. C. A. 1930, 28 S. W. (2d) 921) it has been held that the failure to elect a successor constitutes a "vacancy" in said office within the meaning of a statute providing for filling of a vacancy. Clark v. Wornell, (T. C. A. 1930) 65 S. W. (2d) 350. Undoubtedly the same rule would apply to resignations, and we think the places were subject to be filled after the resignations were presented.

A majority of the board of trustees is necessary to constitute a quorum, for the purpose of transacting business, which in this instance would be four. Articles 14 and 2779, Revised Civil Statutes. The number constituting a quorum for the purpose of transacting business would at all times remain a majority of the authorized membership notwithstanding the fact that the actual membership of the board might be reduced below seven because of vacancies. Thomas v. Abernathy County Line Independent School District, (Com. of App. 1927) 290 S. W. 152.

Although the members tendering their resignations would continue as de jure officers capable of transacting business, and the number required to constitute a quorum would require the presence of four members of the board, it does not necessarily follow that the members who were holding over as de jure trustees, pending the time their successors would be appointed and qualified, would be members of the board or "remaining members," for the purpose of appointing their successors or that a quorum would be necessary to make such appointments. We call particular attention to the language quoted above from Article 2777. It does not provide that the "board of trustees" shall fill the vacancy but that "the members of the board remaining" shall fill the vacancy.

The only case in Texas which has come to our attention in which the point was attempted to be raised is Barrett v. Tatum, (T.C.A. 1933) 66 S. W. (2d) 444. The court refused to pass upon the issue and disposed of the case upon the ground that the only way to test the legality of such appointment was by quo warranto brought in the name of the State and that the appointed trustees were at least de facto trustees and the regularity of their election could not be questioned in a collateral proceeding.

There is some conflict between the expressions of the courts in other jurisdictions, but the case law in Kentucky is probably more clearly defined on this issue than in any other jurisdiction. Certain distinctions made by the courts of that State appear to us to be well founded and we think they should be applied to the facts herein presented.

In Glass v. City of Hopkinsville (Ct. of App. Ky. 1928) 9 S. W. (2d) 117, the court held that where vacancies were to be filled by a majority of the board, the members whose terms were expiring were not qualified to assist in making appointments to fill such vacancies. It was also held that as a condition to valid action the presence of a quorum was necessary. The court, however, distinguished that case from a situation in which the statute would provide that the appointment should be made by the remaining members or other members of the board.

In Douglas vs. Pittman (Ct. of Apps. Ky. 1931) 39 S. W. (2d) 979, the statute under consideration was as follows:

"Any vacancy in said board, from whatever cause occurring, shall be filled by the other members of the board as soon as practicable after such vacancy occurs. The members so chosen shall hold office for the remaining part of the term of his predecessor, and until his successor is elected and qualified subject to the provisions of Kentucky Constitution, Section 152."

The court in applying the distinction mentioned in the Class case, supra, stated:

"It is argued that there is not now a quorum of eligible members of said board. Therefore, the remaining members have no power to fill the vacancy. It is said that the board had adopted no rule requiring any number of persons to be present to constitute a quorum, and that, in the absence of some statute or rule defining the number necessary to constitute a quorum, the common law rule of a majority was necessary to constitute a legal board. Class v. City of Hopkinsville, 9 S. W. (2d) 117. It is true that no order, insofar as we are informed by this record, had been made by the board designating a quorum. It is likewise true that the statute provides no certain number, but says that the 'other members of the board' shall fill vacancies. The Class case, supra, clearly differentiates between the statute here and the one under consideration in that case.

"It is clear that the legislature intended by this Act to have at all times a working board unhampered by vacancies and with the continual every present ability reposing in them to fill vacancies and perform duties imposed upon them as such officials. The meaning is so apparent on its face as to need no construction. Booth v. Owensboro Board of Education, 229 S. W. 84. We are of the opinion that the Circuit Court correctly ruled that the three remaining members, in the absence of any statutory provision to the contrary, were entitled to act in filling these vacancies."

Accord: Board of Trustees of Salt Lick Graded Common School District v. Kercheval (Ct. of App. Ky. 1931) 45 S. W. (2d) 846; Barton v. Bradford (Ct. App. Ky. 1936) 95 S. W. (2d) 6, where only one member remained.

There is some language in Walker v. Walker, (T. C. A. 1922) 241 S. W. 525, which might be construed as intimating that the court would have agreed with the line of cases cited above. In that case the trial court enjoined the trustees from making appointments to fill any vacancies that might occur pending an action for their removal and the Court of Civil Appeals held:

"We have all concluded that the trial court erred in enjoining the defendants from electing a trustee or trustees, in case of a vacancy. In case vacancies should occur, by death or resignation, so that the board of trustees would be reduced to less than a majority of the number provided by law, the remaining trustees could not conduct the affairs of the school district. Art. 2891 V. S. Tex. Civ. Stats. If this should occur the school interests might be jeopardized."

We, therefore, answer your questions as follows:

First: Since no vote was ever taken at the first meeting and no one was ever appointed or elected to succeed the first member who had resigned, the board at that time was composed of seven de jure members capable of transacting business of the school district with one trustee subject to be replaced by appointment and qualification of his successor.

Second: None of the trustees who had resigned having attempted to withdraw their resignations, the second question becomes immaterial.

Third:  The three members remaining after the four resignations had been tendered were authorized to appoint successors to those resigning and when three of these appointees refused to accept their appointments and qualify, the four then members of the board were authorized to proceed to appoint three members to the vacancies which had not been filled.

Fourth:  The present board of trustees of the New Boston Independent School District is now composed of seven de jure members consisting of the three members who did not resign, the first member who accepted his appointment, qualified and took the oath of office and the last three members who qualified and took the oath of office by virtue of their appointment by the three original members and their appointee after his qualification.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_

Cecil C. Cammack
Assistant

CCC:M

APPROVED

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _GPL_
CHAIRMAN