**STROHM v. THE CITY OF IOWA CITY ET AL.**

1. **Municipal Corporations**: CHANGE OF BOUNDARIES. A resolution introduced at a meeting of the board of trustees proposing a change in the boundaries of a city does not require for its adoption the concurrence of a majority of the whole number of trustees.

2. ———: TAXATION: EXCESS OF CONSTITUTIONAL LIMIT. That a part of the tax of a city will be applied to the payment of an indebtedness in excess of the constitutional limit does not constitute a valid ground for restraining its collection. The proper remedy is by action to restrain the misapplication of the tax when collected.

*Appeal from Johnson District Court.*

FRIDAY, OCTOBER 19.

ON the 5th day of February, 1877, the plaintiff filed his petition alleging, in substance, that on the fifth day of May, 1876, a resolution for the extension of the corporate limits of the city of Iowa City was proposed to the council of said city; that at the meeting of said council when said resolution was passed there were only six trustees present, though there were at the time eight duly elected, qualified, and acting trustees, in and for said city; that without said resolution having been proposed or read at a previous meeting or day, and without dispensing with the rules requiring such previous proposal and reading, by the three-fourths of the council, a vote was taken on said resolution, three trustees voting for it, and three voting against, whereupon the mayor voted for the resolution, when it was declared duly adopted; that on the 19th day of May, 1876, a resolution was presented changing the boundaries of the extension before proposed, and also changing the time for holding the election thereon; that there were only seven of the eight trustees present, and without said resolution having been proposed or read at a previous meeting, and without three-fourths of the council dispensing with the rule requiring such previous reading the vote was taken on said resolution, three of the council voting against and four for it, when it was declared adopted; that the mayor of the city issued his procla-

mation with the resolutions and an election was held as contemplated by said resolutions, on the 27th day of June, 1876, when a majority of the votes cast were in favor of annexation, and the mayor issued his proclamation announcing the fact; that the defendants insist that the territory defined by said resolutions, by virtue of the proceedings above named, became a part of Iowa City; that said territory embraces a large tract of country, on which several hundred people reside, including plaintiff, who owns a valuable tract of land claimed to have been so annexed to said city, besides personal property liable to taxation; that the officers of said city, in certifying to the county officers the levy and assessment of tax for said city, for the year 1876, and the proper county officers in making up the tax list for said county for 1876, treated said territory as a part of said city; that the treasurer threatens to collect the taxes so levied, and the auditor in making the assessment for 1877 threatens to assess and levy the same as if said territory was a part of the city; that a part of the taxes levied for the year 1876 is for the purpose of paying an indebtedness of the city contracted in excess of the constitutional limitation.

The plaintiff prays that the county treasurer, and said city, be restrained from the collection of taxes imposed upon the property, and the residents of said territory, by reason of said pretended annexation; that said city, its officers and agents, be enjoined and restrained from exercising any jurisdiction over the said territory, that they might not have legally exercised before the 5th day of May, 1876, and from claiming said territory to be a part of said city; that the defendants be restrained from collecting all taxes assessed on said lands for city purposes, and especially the taxes for payment of prior and illegal indebtedness, and from collecting any taxes for school purposes, or any other purpose, on said territory different than might have been were said territory not claimed to be a part of said city; that the plaintiff be permitted to prosecute this action for himself and other property owners and residents on said pretended annexed territory, and that a temporary and permanent injunction issue. On the 5th day of February, 1877, pursuant to order of the district judge, a temporary

injunction issued as prayed. On the 14th of February, 1877, in vacation, the defendants answered, in substance alleging that the territory in question was duly and legally annexed to Iowa City. On the same day the defendants moved to dissolve the injunction, and to strike from the petition the clause containing prayer for relief, in which plaintiff asks to be permitted to prosecute the action for himself and other property owners, for the reason that the other parties cannot be joined with him in an action restraining the collection of taxes. The record does not show that the motion to strike from the petition was acted upon. Upon the hearing of the motion to dissolve the injunction the parties presented a record of the proceedings of the city council, showing their action to be substantially as alleged in the petition. The motion to dissolve the temporary injunction was overruled. The defendants appeal.

*Robinson & Patterson,* for appellants.

*Geo. J. Boal, S. H. Fairall* and *Geo. B. Edmonds,* for appellee.

DAY, CH. J.—I. This case involves a construction of section 489 of the Code, which is as follows: "All ordinances

1. MUNICIPAL corporations: change of boundaries.

and resolutions, or orders for the appropriation or payment of money, shall require for their passage or adoption the concurrence of a majority of all the trustees of any municipal corporation; ordinances of a general or permanent nature shall be fully and distinctly read, on three different days, unless three-fourths of the council shall dispense with the rule; no ordinance shall contain more than one subject, which shall be clearly expressed in its title, and no ordinance or section thereof shall be revised or amended unless the new ordinance contain the entire ordinance or section revised or amended, and the ordinance or section so amended shall be repealed."

Appellants contend that in the construction of this section the words *for the appropriation or. payment of money* must be regarded as qualifying the words *ordinances* and *resolutions* as well as the word *orders,* so that under this section only

ordinances and resolutions for the appropriation or payment of money require for their passage the concurrence of a majority of all the trustees of a municipal corporation.

Upon the other hand appellee insists that the words *for the appropriation or payment of money* qualify only the word *orders*, and that all ordinances and resolutions, whatever may be their object or purpose, require for their passage the concurrence of a majority of all the trustees. This construction the court below adopted. The question is not at all free from difficulty. The mere grammatical arrangement admits, perhaps equally, of either construction. The punctuation employed would require the construction contended for by the appellee. But in the construction of a law courts pay but little regard to the punctuation employed, and will always disregard it when it is not in harmony with the intention of the legislature as gathered from the entire act. *Shindly v. The State*, 23 Ohio St. Rep., 139; *Randolph v. Bayne*, 44 Cal., 366. For a proper construction of this section we must read it in connection with other parts of the same statute, and we must, if possible, put such construction upon it as will make it harmonize with, and give force and efficiency to, all the other parts. Section 493 of this statute is as follows: "On the passage or adoption of every by-law or ordinance, and every resolution or order to enter into a contract by any council of any municipal corporation, the yeas and nays shall be recorded, and to pass or adopt any by-law, ordinance, or any such resolution or order, a concurrence of a majority of the whole number of members elected to the council shall be required * * *." It is to be observed that this section requires the concurrence of a majority of the whole number of trustees for the adoption of any ordinance, and for the adoption of any resolution or order to enter into a contract. Now it is altogether unnecessary that this section should require a concurrence of a majority of the council for the adoption of any resolution to enter into a contract, if section 489, as appellee contends, requires such majority for the adoption of all resolutions It will further be observed that, in this section, the words resolution and order are both spoken of as referring to the

manner of entering into a contract. Now if in section 489 the comma following resolutions be placed after the word ordinances, the section will read, all ordinances, and resolutions or orders for the payment of money shall require, etc. Thus the word resolutions and the word orders will refer to the means employed for the appropriation of money, as in section 493 they refer to the means employed for entering into a contract. This construction, we think, is the proper one. It makes the two sections harmonious in all their parts, and relieves section 489 of the absurdity which would otherwise exist of requiring a resolution to buy a cord of wood for the mayor's office, or even to adjourn, to be adopted by a majority of all the trustees. We think that under a proper construction of this statute a resolution proposing changes in city boundaries does not require for its adoption the concurrence of a majority of the whole number of trustees.

II. The objections that the resolution was adopted without having been read or proposed at a previous meeting, and without dispensing with the rule at a previous meeting, that the subject of the resolution was not expressed in the title, and that, on the 19th of May, the resolution was amended without adopting a new one entire, and without repealing the former resolution, are without force. The provisions of the statute, section 489, under which these objections are made, apply only to ordinances.

III. It is no ground for restraining the collection of this tax that when collected it will be applied in part to the payment of an unconstitutional indebtedness. It does not appear that the tax itself is in excess of any constitutional or statutory provision. Plaintiff's proper course is by action to prevent the misapplication of the tax, when collected, to the discharge of an illegal indebtedness. The court erred in overruling the motion to dissolve the injunction.

2. ——: taxation: excess of constitutional limit.

REVERSED.