# Seiler, Safety Commissioner of the City of Covington, et al. v. O'Maley.

(Decided January 14, 1921.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Municipal Corporations—Quorum or Number Required to be Present to Act.—A quorum of a representative body, with a definite membership, sufficient to authorize the transaction of business, in the absence of statutory provisions to the contrary, must consist of a majority of the membership of the body, which should include all of the members provided for whether they be filled or not; but it is competent for the legislature or that department of the state creating the board or body, to provide what shall constitute such a quorum, or to authorize the body itself to determine what shall constitute a quorum.

2. Municipal Corporations—Quorum or Number Required to be Present to Act—Election of Health Officer.—The statute (section 2054a-21, vol. 3, Kentucky Statutes) providing for a board of health in cities in this Commonwealth having more than ten thousand population, prescribes that the board shall consist of six members appointed by the council of the city, and that the mayor of the city shall be an ex-officio member thereof, and that the board as so constituted should elect a health officer for the city. Held, that the mayor as an ex-officio member of the board has all the power and authority of any other member and should be estimated in counting a quorum; and further, that for the purpose of electing a health officer for the city the board had a membership of seven (the health officer to be elected not to be estimated in counting a quorum although after his election he became an ex-officio member of the board) and that at a meeting where four members of the board, including the mayor, were present and elected a health officer his election was valid, since the four members present including the mayor constituted a quorum of the board for that purpose.

A. E. STRICKLETT for appellants.

F. J. HANLON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The purpose of this suit, filed by appellee and plaintiff below, Dr. J. M. O'Maley, against the appellants and defendants below, city of Covington and certain of its officers, was to have himself declared the duly elected and qualified health officer of the city, and to compel defendants to recognize him as such officer and to pay to

him the salary fixed for such officer (which was $1,250.00) at such times and in such amounts as the law directs. The relief sought is resisted by defendants upon the sole ground that at the meeting of the board of health for the city of Covington (which was on October 29, 1920) at which the plaintiff claims to have been elected health officer for the city there was not a quorum of that board present and that his pretended election was invalid, null and void. Upon final submission the circuit court adjudged plaintiff to have been duly elected health officer for the city and ordered and directed defendants to pay him his salary as provided by ordinance, and complaining of that judgment defendants prosecute this appeal.

The present statute creating the city board of health for a city of the population of Covington, and providing for the election by it of a city health officer is subsection (5) of section 1, chapter 65, page 290 of the Session Acts of 1918 and is section 2054a-21, vol. 3 Kentucky Statutes, 1918. It authorizes the city council of all cities of ten thousand inhabitants or more under certain circumstances, which it is admitted exists in this case, to appoint a board of health for the city to consist of six persons not members of the council, at least three of whom shall be competent physicians, and "The mayor of such city shall be ex-officio a member of such board of health." It is made the duty of the board of health as thus constituted to elect a competent physician as city health officer, and it is provided that such health officer after his election shall also be an ex-officio member of the board. In the meeting at which plaintiff claims to have been elected there were present three of the six appointed members and the mayor, who by the statute was an ex-officio member of the board. Defendants contend (a) that the mayor, being only an ex-officio member, can not be counted in estimating a quorum of the board and that without him there were only three of the six appointed members present, which number did not constitute a quorum. If mistaken in this they then contend (b) that if the mayor as an ex-officio member of the board may be counted in estimating a quorum for the purpose of transacting business, then the health officer provided by the act, who when elected is likewise an ex-officio member of the board, should also be counted in estimating a quorum, which if done would make the en-

tire membership of the board consist of eight members and that the four present at the meeting when plaintiff was elected did not constitute a quorum. On the other hand plaintiff insists that the mayor as ex-officio member of the board is a member thereof for all purposes, including the creation of a quorum, as much so as is any of the appointed members of the board, and that until the election of a health officer the board consists of only seven members, four of whom would constitute a quorum for the transaction of business and that at the meeting in question, there being the latter number present, he was duly elected.

The common law rule as to what constitutes a quorum of a representative body consisting of a definite number of members is that a majority of the authorized membership shall constitute a quorum for the purpose of transacting business, but it is everywhere held and recognized that it is competent for the statute, or the Constitution, creating the particular body to prescribe the number of members that shall be necessary to constitute a quorum, or it may delegate to the created body the authority to so prescribe. 28 Cyc. 330-331; 19 R. C. L. 888; Dillon on Municipal Corporations, fifth edition, vol. 2, section 513; Morrill v. Little Falls Manufacturing Co., 21 L. R. A. 174, and annotations; Barry v. Town of New Haven, 162 Ky. 60; McQuillin on Municipal Corporations, vol. 2, section 594; City of Somerset v. Smith, 105 Ky. 678, and Pinson v. Morrow, Governor, 189 Ky. 291.

We find no statutory provision prescribing the number necessary to constitute a quorum of the board of health of the city of Covington. In the act, *supra,* creating the board there are other provisions relative to county and district boards of health (subsections 10 and 15 of section 2054a) and there *are* provisions with reference to what shall constitute a quorum of county and district health boards. In subsection 21 of that section (being the one creating the health board now under consideration) it is said: "Such local board shall have the same powers within its respective cities as local boards for counties are invested with by this chapter." This quoted sentence, however, refers only to the *powers* of the local board for cities of the population prescribed, and not to the *procedure* of such boards. We do not therefore think that we are authorized to read into the statute creating the local city boards the quoted pro-

vision prescribing what should constitute a quorum in county boards. If, however, we were authorized to do so, appellants would not profit thereby for in the subsection providing a quorum for the county board of health it is said, "A majority of the qualified members constituting a quorum with the full authority of the board," &c. Applying that provision it is quite evident that in this case the health officer, before his election, could not be considered as a member of the board for the purpose of estimating a quorum, since at the time of the election he was not an officer and was not therefore a *qualified* member of the board. No incumbent could vote at a meeting to elect his own successor (if a valid election could be held in the absence of a vacancy) when he was a candidate for re-election, since for manifest reasons he would be disqualified to vote. Chilton v. Bell County Coke and Improvement Co., 153 Ky. 775, and Coles v. Williamsburgh, 10 Wend. 659.

Looking at the wording of the statute creating the board of health for the city of Covington and providing for the election of a health officer, in the light of reason and common sense, we unhesitatingly conclude that the board for the purpose of electing a health officer of the city consists of the number of members provided by the statute independent and exclusive of the health officer. If the mayor of the city of Covington by virtue of his office is to be considered a member of the board for all purposes its membership would then and for that purpose consist of seven, but if he is not to be treated as a member of the board or counted for the purpose of making a quorum the membership of the board would then be six and a quorum would be four of the six appointed members. Whatever may be the power and authority of the health officer of such local boards after his election as a member thereof by virtue of his office, we are satisfied it was never the intention of the legislature to require his ex-officio membership to be taken into consideration in the estimation of a quorum of the board for the purpose of filling the place. Until the health officer is elected there could not be in any event exceeding seven members of the board and in no instance imaginable could the health officer as an ex-officio member of the board participate in the election of himself or in which he was a candidate. As we have seen there would be no necessity for an election if that office was already filled

and so the question turns on whether the mayor of the city of Covington, who by statute was made an ex-officio member of its board of health, was a member of that board for all purposes and especially for the purpose of estimating a quorum. If he was, four members would constitute a quorum and the election of plaintiff was valid as the trial court held.

In the case of Kent County Agricultural Society v. Houseman, 81 Mich. 609, the articles of association of the Agricultural Society provided that its board of management should consist of five directors, a president, a secretary and a treasurer, the last three of whom were made directors by virtue of their respective offices. A sale of the Society's property was questioned because at the meeting of the board of management at which it was authorized it was necessary to count some of the officers (ex-officio members) in order to constitute a quorum of the board. The court held that the ex-officio members were such for all purposes and had the right to vote on all matters coming before the board. The opinion says, "These officers are ex-officio directors and entitled to vote on all matters the same as those who are specially called 'directors.' We think that the proposition to sell was carried by the proper vote."

A contrary view was held in the early case of Miller v. Chance, 3 Edw. Ch. (N. Y.) 399. But, in that case the opinion was largely based upon the construction which the court gave to the statute making the officers ex-officio directors, the court being of the opinion that the statute as worded excluded the participation of the ex-officio directors in the character of action involved. Mr. Thompson in his excellent work on Corporations, vol. 2, section 1160, mentions and discusses both the Michigan and New York cases above referred to and condemns the doctrine of the New York case, saying: "Aside from that (the construction which the court gave the statute) the soundness of the conclusion of the (N. Y.) court may well be doubted. The law that grants the charter, or the charter that gives life to the corporation, can certainly create trustees or directors ex-officio; and when thus created they necessarily possess the powers and rights of other trustees, and are hence qualified to make up a majority or a quorum which alone can bind the corporation in extraordinary matters."

Independent of that eminent authority, we can see no logical reason, nor has one been presented to us, why an ex-officio member of a representative body should not have, in cases where he is not personally interested, all of the authority of other members. In the one case his power and authority as such member is conferred upon him by that· department of the sovereignty having authority to create the board because of the fact of his holding some office, while the other members receive their power and authority because of their election or appointment in the manner provided by the same governmental department. We have no doubt but that it would be competent in the creation of the board to provide that it should be composed entirely of ex-officio members, and because some of the members are selected in the manner pointed out in the law creating the board, while others are selected by the terms of the law itself, whether it be a statutory or constitutional provision, can not possibly affect the extent of the power and authority of the members. They are each vested with full power and authority to do any and all things necessary and essential to carry out the purpose of the law in creating the board or body, whether they be ex-officio members or selected in the manner provided by law. If, as contended by appellants, an ex-officio member can not be counted in forming a quorum we fail to see any additional reason why such a member should have the right to vote or should have his vote counted in· the transaction of any other business of the body. To our minds the rule contended for, pursued to its only logical conclusion, would result in depriving the ex-officio member of all voice in the proceedings of all meetings and render his position on the board void of all effect except perhaps to entitle him to be present at the meeting. Such an absurd consequence was never contemplated. On the contrary, when one is made by the proper authority an ex-officio member of a created body or board it is to be presumed that those responsible for its creation had some purpose in view in designating the ex-officio member. Manifestly, that purpose was to constitute that individual a member of the board or body because of his holding some office of trust, and that whoever held that office should perform, in addition to his official duties, also those incumbent upon the board of which he was made an ex-officio member.

Our conclusion, therefore, is that the health board of the city of Covington at the time plaintiff was elected consisted of only seven members, of which the mayor was one, and that he and the three others who attended the meeting resulting in plaintiff's election constituted a quorum of the board and that plaintiff was legally elected health officer for the city of Covington. The judgment having so held it is affirmed.