CARBON COAL COMPANY, Appellee, v. CITY OF DES MOINES, Appellant.

**MUNICIPAL CORPORATIONS:** Street Improvements—Vote Necessary.  In the absence of a petition for the construction or reconstruction of a street improvement, four votes are necessary, to order the improvement in cities having a council of five members.

*Appeal from Polk District Court.*—JAMES C. HUME, Judge.

JUNE 24, 1924.

APPEAL by the defendant city of Des Moines from a decree entered, setting aside and canceling a paving assessment made by said city.—*Affirmed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for appellant.

*Stipp, Perry, Bannister & Starzinger,* for appellee.

DE GRAFF, J.—This appeal involves the validity of a paving assessment by the city of Des Moines.  There is but one question

to be determined: Was the resolution ordering the construction of the paving improvement in question legally adopted by the city council? The trial court answered in the negative.

Briefly stated, a resolution of necessity for the paving improvement was adopted, and thereafter the city council ordered the construction of the improvement. It affirmatively appears that the improvement was ordered ''on motion of this council without petition of property owners,'' on a vote of three of the five members of the city council. Objections to the assessment were legally and timely made, and predicated on the ground that the city had no power to make said assessment, as the resolution ordering the construction was without petition of property owners, and was not ordered by a three-fourths vote of the members of the council, as required by law. The objection was overruled, and an appeal taken to the district court.

The statute constitutes a complete answer to the question involved in this action. We quote:

''The construction or reconstruction of such improvement shall not be ordered made until three fourths of all the members of the council shall by vote assent thereto, provided that in cities under the commission plan of government with but three members in the council, a two-thirds vote shall be sufficient, unless the same be petitioned for by the owners of the majority of the linear front feet of the property abutting thereon; but a majority of the council may provide for repairing said improvements.'' Section 793, Supplement to the Code, 1913.

The city of Des Moines operates under what is called the commission form of government, and its council is composed of the mayor and four councilmen. The mayor is a member of the council, under this plan of government. Section 793, before its present amendment, provided that a resolution ordering the construction of an improvement must be adopted by a three-fourths vote of all the members of the council, unless the improvement was ordered on petition of property owners. *Clark v. Martin*, 182 Iowa 811; *Bailey v. City of Des Moines*, 158 Iowa 747; *Hardwick v. City of Independence*, 136 Iowa 481. The only exception to the requirement of a three-fourths vote under the provisions of Section 793 as amended is that cities

operating under the commission plan of government with but three members in the council may order such an improvement on a two-thirds. vote. This exception does not apply to the defendant city, as its council is composed of five members.

Cities possess such powers as have been delegated to them by the legislature, or such that arise by necessary implication. *Burkitt Motor Co. v. City of Stuart*, 190 Iowa 1354. In the instant case, a valid order or resolution was required as a prerequisite to the contract for the construction of the improvement. This is a condition precedent to a valid assessment. The record facts are not in dispute. The language of the statute creating the power to order the construction of the paving is unambiguous, and there is no occasion to invoke a rule of statutory construction. The trial court respected the statute governing the situation, and the decree therefore must be, and is,—*Affirmed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.