ENDEAVOR-OXFORD UNION FREE HIGH SCHOOL DISTRICT, Appellant, vs. WALTERS, Respondent.

*September 13—October 11, 1955.*

564

For the appellant there was a brief by *Nikolay, Jensen & Nikolay* of Abbotsford, and oral argument by *Frank L. Nikolay.*

For the respondent there was a brief by *John A. Conant* of Westfield, attorney, and *Rogers & Owens* of Portage of counsel, and oral argument by *Mr. Conant.*

STEINLE, J. Appellant maintains that the trial court failed to observe proper procedure in the appeal from the order of the joint committee, and that as a consequence, substantial rights of the appellant were prejudiced. It con-

tends that under valid procedure, the petitioners, after filing the notice of appeal, were obliged to file a complaint alleging particulars upon which the appeal was based and to which response could have been interposed by the joint committee, the appellants, or others interested. It urges that procedure identical with that employed in *School Dist. v. Callahan* (1941), 237 Wis. 560, 297 N. W. 407, where a complaint was filed and opportunity to demur or answer was afforded, ought to have been required in the instant case.

Sec. 40.03 (5), Stats., provides in part:

"Any person aggrieved by an order may appeal therefrom to the circuit court of any county in which territory the proposed district lies, by serving written notice of such appeal upon the secretary of the committee or committees and filing such notice with the clerk of the court both within thirty days after the recording of the order. The order shall be stayed pending determination of the appeal. . . . The court shall not remand the proceeding, but shall issue its own order. . . ."

The statute contains no directions as to procedure in such appeals. In the present situation a precise detailed statement of the error charged in the joint committee's action and order was contained in the notice of appeal. Any writing labeled a complaint could not have described with greater accuracy the petitioners' claim upon the appeal. Objection by way of law or fact could readily have been interposed. Previous to the reception of evidence, the court announced (for the benefit of the participating parties) the issue that it considered itself called upon to determine. No objection was made to the issue as framed by the court. From the record it is apparent that the participating parties understood the issue and were willing and prepared to have the court determine it at the time. They were afforded full opportunity to present evidence and examine witnesses concerning it. The notice of appeal and the accompanying statement had been served upon the

joint committee more than twenty days before the court called the matter for hearing. The joint committee has not objected to the court's order and has not appealed from it. The various county school committees which constituted the joint committee were given opportunity to be represented by the district attorneys of their own counties who, under provision of sec. 59.47, Stats., represent them. While the procedure which was employed and approved in *School Dist. v. Callahan, supra,* is adequate in protecting the rights of interested persons in appeals to the court from county school committee orders, nevertheless it is not to be treated as an exclusive method for proceeding in such appeals. Since the joint committee had been served with notice of the appeal as required by statute and had without objection participated in the proceedings before the court, and had acquiesed with respect to the issue as it was framed and considered, it was not entitled to notice other than that which was given with respect to the claim of the petitioners and in regard to the call of the case for hearing in court.

The appellant school district contends that had the court required the filing of a complaint, appellant then would have been apprised of the petitioners' position and could have participated in the court hearing, and could have advanced its own position with reference to the issue raised. Appellant complains that it has been denied due process of law. The statute, however, does not provide that affected school districts be served with notices of appeal to courts from orders of county school committees. Had there been prepared and filed a pleading denominated a complaint, the petitioners would have been under no obligation to serve the school district with same. It is impossible to perceive how appellant may have had greater notice of petitioners' position had a complaint been filed than under these circumstances where a statement of particulars was included in the notice of appeal. We find no merit to appellant's objection in this regard.

Appellant points out that the appeal permitted in sec. 40.03 (5), Stats., does not imply a trial *de novo,* and that the court was limited to a consideration of whether the joint committee had acted in excess of its power or in the unlawful abuse of its power. It contends that the record indicates that the joint committee was not wanting in jurisdiction and that it did not abuse its discretion.

The court determined that the joint committee through error or mistake had rendered an improper order. Abuse of discretion on the part of the joint committee is implied in the court's order. A ruling made upon grounds and for reasons clearly untenable constitutes abuse of discretion. See *Weinberg v. Weinberg* (1946), 208 S. C. 157, 162, 37 S. E. (2d) 507. Abuse of discretion does not necessarily mean ulterior motive, arbitrary conduct, or wilful disregard of the rights of a litigant, but it may mean a failure to apply principles of law applicable to a situation if prejudice results. *State v. Shafer* (1942), 71 Ohio App. 1, 47 N. E. (2d) 669. It was within the jurisdiction of the court to inquire as to whether the ruling of the joint committee was erroneous and therefore an abuse of discretion, and to make determination of the matter. There was no improper interference by the court with the joint committee's determination.

Appellant strenuously contends that since the joint committee determined by its own rule, based upon the advice of the assistant superintendent of schools, that the vote of a majority of the 18 members of the committee was essential to carry a motion, the trial court erred in its determination that the 15 members present at the meeting constituted a quorum, and that the vote of the majority of the quorum was controlling.

At common law a majority of the membership of a board or a committee constitutes a quorum for the transaction of business, and a majority vote of the quorum is decisive.

Where the legislature confers powers upon a board to be exercised by it without providing as to the number of members necessary to act in concert to exercise the power or powers conferred on the board by the statute, then the common-law rule prevails that a majority of the board constituting a quorum may lawfully act. *Oakland v. Board of Conservation and Development* (1923), 98 N. J. L. 806, 816, 122 Atl. 311.

In *Seiler v. O'Maley* (1921), 190 Ky. 190, 192, 227 S. W. 141, it was held that under the common-law rule, a majority of the authorized membership of a representative body consisting of a definite number of members constitutes a quorum for the purpose of transacting business, but it is competent for the statutes or the constitution creating the body to prescribe the number of members necessary to constitute a quorum or to delegate to the creative body the authority to so prescribe.

In *Ex parte Willcocks* (N. Y. 1827), 7 Cow. 402, 409, 17 Am. Dec. 525, the court said that the general rule is that to make a quorum of a select and definite body of men possessing the power to elect, a majority, at least, must be present, and then a majority of the quorum may decide.

In the absence of other controlling provision, the common-law rule that a majority of a whole body is necessary to constitute a quorum, applies. *Gaskin v. Jones* (1941), 198 S. C. 508, 18 S. E. (2d) 454.

In 37 Am. Jur., Municipal Corporations, p. 671, sec. 57, it is said:

"It is well settled that at common law a majority of the duly elected members of a municipal council constitute a quorum, in the absence of special statutory or constitutional provision to the contrary, and a council has no implied power to adopt a rule that a greater or less number shall constitute a quorum."

In *State ex rel. Burdick v. Tyrrell* (1914), 158 Wis. 425, 434, 149 N. W. 280, this court said:

"There is no provision in the written law requiring a majority of the council to elect, hence the common-law rule applies. Under the charter two thirds of the aldermen, being four, constitutes a quorum for the transaction of business. The election or appointment of a city attorney was 'transaction of business,' and a majority of a quorum, in the absence of any statute to the contrary, was sufficient to elect."

Under these common-law principles, it is plain that since the legislature did not prescribe the number of votes required for the passage of a matter before a county school committee or joint committee, a majority of the committee constitutes a quorum, and a majority of the quorum may decide the matter. The committee has no implied power to adopt a rule that a greater or lesser number shall constitute a quorum. In the instant situation the joint committee by its action required a greater vote for approval of the petition than is provided by common law. Such requirement was erroneous. It was within the jurisdiction of the court to issue an order correcting the committee's error on the basis that such error constituted an abuse of discretion.

Lastly, appellant maintains that the court erred in issuing a retroactive order with respect to the effective date of the reorganization of the school districts. We concur in that view.

Sec. 40.03 (1), Stats., provides in part that "orders of the committee providing for the reorganization of school districts shall not take effect until July 1 following the recording of the order." In sec. 40.03 (5) there is provision that "the court shall not remand the proceeding, but shall issue its own order." The joint committee's order did not provide for the reorganization of the school districts and ordinarily that order would have become effective when properly filed pursuant to sec. 40.03 (3). The order was stayed pending the determination of the appeal as provided in sec. 40.03 (5). The order of the court affirmed the vote of the joint committee but changed the committee's conclusion with respect

to the effect of that vote. Until the court's order was issued, the corrected conclusion had no force. The court's order nullified the effect of the committee's order which had been recorded. The committee's voting action and the proper conclusion thereon as determined by the court had no force until the order of the court was issued and recorded. Hence, the order could not have become effective earlier than July 1, 1955. The court's direction that July 1, 1954, be the effective date of the reorganization of the school districts, was error. The order of the court shall be modified so as to provide that the detachment of the territory in question from the one school district and its attachment to the other shall be effective as of July 1, 1955.

*By the Court.*—The order appealed from is modified so as to provide that the effective date for the detachment of sections 19, 20, 30, and 31 of the township of Packwaukee, Marquette county, from Endeavor-Oxford Union Free High School District and the attachment of said territory to Westfield Union Free High School District for high-school purposes only, be July 1, 1955. In all other respects the order appealed from is affirmed. Cause remanded with directions to modify the order in accordance with this opinion.

CURRIE, J., took no part.