Spero KEREIAKES, Commissioner et al.,
Appellants,

v.

Robert GRAHAM, Mayor and Members of the
Board of Commissioners, Appellees.

Court of Appeals of Kentucky.

Sept. 25, 1970.

William E. Allender, Bowling Green, for appellants.

G. D. Milliken, Jr., Bowling Green, for appellees.

STEINFELD, Judge.

This is an action for a declaration of rights brought by the City Manager of Bowling Green, Kentucky, and two of the members of that city's Board of Commissioners. KRS Chapter 418; CR 57. The defendants are the Mayor and the other two Commissioners. Bowling Green, a city of the second class, recently adopted the City Manager form of government. KRS 89.390. Controversy has arisen as to (a) whether the power lies in the Mayor or the City Manager to appoint the members of the Electric Plant Board, (b) whether members of the Board of Commissioners may legally serve on the Electric Plant Board, or on other city boards or commissions, and (c) whether the Assistant City Solicitor is to be compensated for services rendered to the Electric Plant Board, the Water, Sewer and Sanitation Commission, and the Hospital Board from general city funds or those of the respective board or commission he serves. From a judgment declaring rights on these subjects[1] the plaintiffs below have appealed.

The chancellor declared that the Mayor, whom he described as the Chief Executive officer of the city, has the power to nominate the members of the Electric Plant Board. He relied on KRS 89.510 which reads that the Mayor " * * * shall be recognized as the official head of the city for ceremonial purposes * * *", and on KRS 89.570 which defines the position of City Manager as " * * * the executive agent of the mayor and board of commissioners in the management of the city affairs." He also referred to KRS 96.760(1).

Before Bowling Green had the City Manager form of government, the Electric Plant Board was created under the "Little TVA Act". KRS 96.550–96.900. KRS 96.-740(1) in part provides that the adopting " * * * ordinance shall further authorize the mayor or chief executive to appoint a board * * *". However, KRS 96.550 (14) causes some confusion, as it states " 'Mayor' shall mean the mayor of any class city unless there be a city manager, then it shall mean city manager, or the county judge of any county," but it is prefaced by the words " * * * unless the context requires otherwise."

The ordinance establishing the Electric Plant Board states "The Mayor is authorized to appoint, subject to the approval of the general council, a board to be known as the electric plant board * * *." It has not been repealed and since its adoption the Mayor has made all appointments. Appellants insist that the definition contained in KRS 96.550(14) automatically divested the Mayor of his appointment power when the city adopted the City Manager form of government. They say "the ordinance cannot be given precedence over KRS 96.550(14) and that the words of the statute are clear and unambiguous", therefore, they " * * * must be accepted as * * * written." Fryman v. Electric Steam Radiator Corp., Ky., 277 S.W.2d 25 (1955). Also that KRS 96.740 and 96.-760 must be read in conjunction with KRS 96.550(14), and that Chapter 96 contains

---

1. Other rights were declared but no appeal was lodged as to them.

specific provisions while Chapter 89 is general in dealing with the City Manager form of government. They cite Kentucky Trust Company v. Department of Revenue, Ky., 421 S.W.2d 854 (1967), to support their statement that "the specific provisions of KRS 96.550(14) take precedence over the general provisions of Chapter 89."

Appellees counter that the act authorizing the Electric Plant Board was enacted in 1942 at a time when " * * * the power of the city manager was much broader and extensive than at present" and that KRS 89.570(2), giving to the City Manager broad power " * * * was repealed in 1956 leaving only the provisions of KRS 89.570(1) still in effect." They note that KRS 89.510 relating to the City Manager form of government formerly read that the Mayor "shall be recognized as the official head of the city for ceremonial purposes, for the purpose of serving civil process, and for military purposes" but after amendment in 1956 it provided that the Mayor " * * * shall be recognized as the official head of the city for all purposes including the serving of civil process."

█ We concur in the conclusion on this point reached by the chancellor but on somewhat different grounds. KRS 96.-740(1) authorizes "any municipality desiring to acquire and operate an electric plant * * *" to do so. KRS 96.760(1) provides in part that " * * * the said mayor or chief executive officer shall also, with the approval of the governing body, designate a member of such governing body, or in his discretion the city manager, to serve as a fifth member of the board." The discretion to appoint the City Manager is not in him but on the contrary is in the Mayor or Chief Executive officer. In the context of this provision the legislature could not have contemplated that the Chief Executive officer and the City Manager would be one and the same person. A City Manager employed pursuant to KRS 89.560 cannot be a Mayor or Chief Executive officer as he is not an elected official. Kentucky Constitution Section 160. We conclude that the preamble to KRS 96.550(14) which reads " * * * unless the context requires otherwise" is significant and that KRS 96.550(14) does not apply.

We now come to the question of whether it is permissible for the members of the City Board of Commissioners to serve on the Electric Plant Board or on other city boards and commissions. The court below relying on Section 165 of the Kentucky Constitution prohibits a person from filling two municipal offices at the same time and declared that " * * * the holding of the office as a member of any other Board (except ex-officio) is incompatible with the holding of an office as a member of the Board of Commissioners * * *, both being municipal offices * * *." It adjudged that they could serve ex-officio but they could not vote and could not be compensated for serving.

Appellants continue to challenge the chancellor's view that city commissioners may not serve as regular members of other boards or commissions and alternatively they argue that an ex-officio member has full voting rights. They fail to inform us what boards or commissions, other than the Electric Plant Board, are involved in this phase of the controversy, therefore, we consider only issues respecting the Electric Plant Board.

KRS 96.740(1) provides for the creation of a five-member board to operate the electric plant. Four must be " * * * residents of the municipality who have resided therein for not less than one year next preceding the date of the appointment" and a fifth we will hereinafter mention. Subsection (2) reads "No person shall be appointed a member of the (Electric Plant) board who has, within the last two years next before his appointment, held any public office, or who is related within the third degree to the mayor or any member of the governing body of the municipality." Other subsections of KRS 96.740 restrict persons having close rela-

tionship with the municipality from being board members, and subsection (5) makes candidacy for any public office a forfeiture of board membership. The one exception is found in KRS 96.760(1) which authorizes " * * * the said mayor or chief executive officer * * * with the approval of the governing body, (to) designate a member of such governing body, or * * * the city manager, to serve as a fifth member of the [Electric Plant] Board." It is patently clear that the lawmakers envisioned an independent Electric Plant Board except for one member, and they did not provide for any ex-officio members. Ex-officio membership was provided for by the statutes questioned in Seiler v. O'Maley, 190 Ky. 190, 227 S.W. 141 (1921) and in Welling v. Clinton Newberry Natural Gas Authority, 221 S.C. 417, 71 S.E.2d 7 (1952), relied on by appellants, therefore, those two cases are inapplicable.

■ Appellants rely on Section 165 of the Kentucky Constitution but we conclude that holding membership on the Electric Plant Board is not filling a municipal office within the meaning of that section. We conclude that there is no prohibition against a member of the Board of Commissioners being the fifth member of the Electric Plant Board and the judgment should be amended to so declare.

The last issue presented here is the source of the Assistant City Solicitor's compensation. The chancellor declared that he should be compensated from the funds of the respective board and commission he represents, including the Water, Sewer, Sanitation and Hospital Boards and Commissions. However, "Appellants appeal only from that portion of the Lower Court's decision relating to the Electric Plant Board (contending) * * * that the Board of Commissioners could (not) assign the Assistant City Solicitor to represent the Electric Plant Board and require (that Board) to pay for his services." They rely on the intention of the Legislature manifested, they say, by the express language of KRS Chapter 96 and argue that the intention was to divorce the electric plant control and operation from political influence. KRS 96.740(3) makes ineligible for appointment to office or employment in the operation of the electric plant any officer or employee of a municipality and they remain ineligible until one year has elapsed from the termination of their municipal affiliation.

The appellees rely on the city ordinance which " * * * created the position of Assistant City Solicitor who shall assist the City Solicitor in carrying out the duties of representing the Water, Sewer and Sanitation Commission, the Electric Plant Board, and the Bowling Green-Warren County Hospital and his duties shall be limited to the representing of these three boards."

■ We interpret KRS 96.740(3) to mean that the City Board of Commissioners may not employ for the Electric Plant Board an Assistant City Solicitor (an employee of the municipality) or require that the payment for his services be made from funds of the plant. We construe that statute as prohibiting city employees from being electric plant employees and the declaration of rights should be so modified.

The judgment is affirmed in part and reversed in part with direction that it be modified to conform to this opinion.

All concur.