**COMMONWEALTH ex rel. Ed W. HAN-COCK, Attorney General, Appellant,**

v.

**Maurice BOWLING, Appellee.**

Supreme Court of Kentucky.

Feb. 21, 1978.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, for appellant.

Larry M. Greathouse, Frankfort, for appellee.

PER CURIAM.

This is an appeal from a judgment which dismissed the ouster proceedings instituted by the attorney general against appellee, a member of the Board of Education of Owen County.

In November 1972, Dr. Maurice Bowling, appellee, was elected for a second consecutive term as a member of the Owen County Board of Education. On January 2, 1973, the Owen County Fiscal Court appointed Dr. Bowling to the Owen County Hospital Board, and reappointed him to the hospital board on March 5, 1974.

The instant suit, initiated by the attorney general prior to the selection by the Owen County Board of Education of a new school superintendent, sought to oust appellee from his position on the school board. The attorney general cited KRS 61.080, KRS 160.180(1)(d), and section 165 of the Constitution of Kentucky for the proposition that membership on the local board of education, a state office, was incompatible with membership on the Owen County Hospital Board.

The trial court made the following findings concerning the Owen County Hospital Board: The hospital board was established by order of the Owen County Fiscal Court. Members of the hospital board serve without compensation. The Owen County Fiscal Court exercises complete authority over the appointment of the hospital administrator, who oversees the operation of the hospital in conjunction with the hospital board. All actions of the hospital board are subject to the approval of the fiscal court. Although most actions of the hospital board have been approved by the fiscal court, occasionally the fiscal court has vetoed certain recommendations of the hospital board. The hospital board serves as an advisory body to the fiscal court and is not an agency or deputyship of the county as those terms are used in KRS 160.180(1)(d).

A study of the evidence convinces us that the trial court's findings concerning the advisory nature of the hospital board were not clearly erroneous. And we agree with the trial court's conclusion that appellee, as a member of the hospital board, was not a city or county officer or employee thereof within the meanings of KRS 61.080, KRS 160.180(1)(d), or section 165 of the Kentucky Constitution. *Cf. Kereiakes v. Graham,* Ky., 458 S.W.2d 162 (1970).

The judgment is affirmed.

All concur.