**CITY OF HIAWATHA, Iowa, Appellant,**

v.

**REGIONAL PLANNING COMMISSION OF LINN COUNTY, Iowa, Appellee.**

No. 60727.

Supreme Court of Iowa.

June 28, 1978.

C. H. Moyer, of Moyer & Bergman, Cedar Rapids, for appellant.

William H. Carmichael, of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The question in this declaratory judgment action is whether joint planning commissions organized under Code chapter 473A may adopt, add to and change development plans by majority vote of a quorum of commission members. Plaintiff City of Hiawatha contends commission action on plans requires majority approval of all members of the commission rather than merely of a quorum. The trial court held to the contrary and this appeal resulted. We affirm.

Governmental units are authorized under chapter 473A to form joint planning commissions. The City of Hiawatha and other local government bodies organized defendant Regional Planning Commission of Linn County. The commission has 31 members who were appointed by the governing bodies in the area served.

A commission has the power and duty to make comprehensive studies and plans for the development of the area. Planning with respect to existing and proposed highways is included. The commission cannot bind the cooperating governing bodies. They remain free to accept or reject commission plans.

This litigation arose from the City's concern about the location of an interchange for interstate highway 380 at Blairs Ferry Road in Hiawatha. The current commission development plan calls for an interchange there, and the City wishes to have the plan amended to delete it. Even though the department of transportation will make the final decision, the City is convinced the commission plan will be influential. The City believes its chances of getting the commission to change the development plan will be better if we hold a majority of all the members of the commission must approve commission plans.

At issue here is the following provision of § 473A.4, The Code:

A plan or plans of the commission may be adopted, added to, and changed from time to time by a majority vote of the planning commission.

The City argues this provision requires commission action on plans to be approved by a majority of the members of the commission whereas the commission asserts approval by a majority of a quorum is sufficient.

The parties agree that at common law a majority of the membership of a board or commission constitutes a quorum for the transaction of business and a majority vote of the quorum is decisive. They also agree this rule prevails unless the legislature has provided a different rule by statute. See *In re Walters' Appeal*, 270 Wis. 561, 72 N.W.2d 535 (1955). They disagree on whether the relevant language of § 473A.4 is anything more than a codification of the common-law rule.

The City argues the language "a majority vote of the planning commission" plainly specifies a majority vote of all the members of the planning commission. It says if the legislature did not intend that result it could have omitted the words "a majority vote of", and the common law rule would be applicable. However, the statute may as readily be construed as a codification of the common-law rule.

If the legislature wished to signify a departure from the common-law rule it could have easily done so by adding the words "all the members of" after the words "a majority vote of", so commission action could be taken only "by a majority vote of all the members of the planning commission."

Designating a proportion of "the members" of the particular body is the usual way in which a legislature expresses its intention that decisions of the body be made by the designated proportion of the whole membership. See *Carbon Coal Co. v. City of Des Moines*, 198 Iowa 371, 199 N.W. 170 (1924); *Thurston v. Huston*, 123 Iowa 157, 98 N.W. 637 (1904); *Strohm v. The City of Iowa City*, 47 Iowa 42 (1877); *Northwestern Bell T. Co. v. Board of Com'rs. of Fargo*, 211 N.W.2d 399 (N.D. 1973).

The determinative principle of statutory construction is stated in 4 McQuillin Municipal Corporations § 13.31(a) as follows:

Where any particular act is required to be done by a specified vote, the rule is generally held to be that the requirement is met by a proportion of the vote of those constituting the quorum to do business. So "unanimous consent of the council," as used in a council rule, was construed to require unanimity of a quorum only. But where the act must be done by a distinct proportion "of all the members elected," or "of all the members of the council," it is manifest that the law should be construed by counting the whole membership of the body in question.

Therefore, when, as here, the legislature has required a specified vote of a proportion of the governing body, the requirement is met by that proportion of a quorum. 62 C.J.S. Municipal Corporations § 404 at 764 ("A requirement for the concurrence or vote of a specified proportion or per cent of 'the council' or similar description of the governing body, in order for it to take any particular action, has been construed to require the concurrence of that proportion or per cent of the members present, there being a quorum, and not of that proportion or per cent of all the members."); cf. §§ 380.3, 380.4, The Code.

In accordance with these authorities, we hold § 473A.4 authorizes commission planning decisions to be made by a majority of a quorum of commission members. The statute merely codifies the common-law rule. Thus 16 members of the commission constitute a quorum and nine members are a majority of the minimum quorum. The trial court was right.

AFFIRMED.