ADAMS, Justice.
Plaintiff, Irene Jacoups, an employee of Springhill Memorial Hospital, sued Anthony Daigle, the hospital’s administrator, alleging that he had failed to provide her a safe place to work. She appeals from a summary judgment for that defendant. We affirm.
On August 11, 1983, at approximately 11:30 p.m., while leaving from her day’s work, Jacoups broke her ankle when she stepped into a pothole in the hospital’s parking lot. She sued the Alabama Hospital Association Fund, Gerald L. Wallace, M.D., and Anthony Daigle. The trial court granted summary judgment for all three defendants. This appeal challenges only the summary judgment for Daigle. Ja-coups appealed from Daigle’s summary judgment.
The only issue presented for review is whether there was evidence that defendant Anthony Daigle, as general administrator of Springhill Memorial Hospital, owed a personal duty to the plaintiff, Jacoups, as a co-employee.
We note at the outset that in Clements v. Webster, 425 So.2d 1058 (Ala.1982), we held that, without more, the fact that a person holds a position as an administrative supervisor does not impose liability upon that person. This is true even where the defendant is the safety director of a company and has a general administrative responsibility for company-wide safety programs. In expounding on this position, we stated in Kennemer v. McFann, 470 So.2d 1113, 1116 (Ala.1985), that although the defendant had a general administrative responsibility for company-wide safety, his responsibility was too remote from the specific defect that proximately resulted in the plaintiff's injuries. In Clark v. Floyd, 514 So.2d 1309 (Ala.1987), we set forth the elements that a plaintiff must show in order to prevail on a claim of co-employee liability. The plaintiff must show: (1) that the defendant had been delegated a duty to provide the plaintiff with a reasonably safe place of employment, or if no such duty had been delegated that the defendant had voluntarily assumed the duty; (2) that there was a breach of that duty; and (3) injuries proximately resulting from defendant’s breach.
An application of the Clark guidelines to the case sub judice would preclude the imposition of personal liability on Dai-gle. The record is totally devoid of any evidence whatsoever that would indicate that Daigle had been delegated or had assumed a duty to provide Jacoups with a safe place to work. But rather, the facts indicate that Daigle had delegated the safety and repair responsibilities to the safety committee and the engineering department.
Jacoups argues that Daigle’s position as an ex officio member of the safety committee would impose liability upon him under Alabama’s co-employee liability statute, Ala.Code (1975), § 25-1-1 for the harms visited upon her due to unsafe working conditions. We are, however, unwilling to impose personal liability on Daigle based *981 solely on his status as an ex officio member of the safety committee, in the absence of active concert with the safety committee.
Upon a casual glance it would appear that in holding this way we are vitiating our earlier pronouncement in Barber Pure Milk Co. v. Alabama State Milk Control Board, 275 Ala. 489, 156 So.2d 351 (1963). This is, however, not the case. We take this opportunity to distinguish Barber from the present case. In Barber, the Commissioner of Agriculture and Industries served as an ex officio member of the Milk Control Board. Based on this position, he attempted to engage in an affirmative act, namely, voting at board meetings. We held that the Commissioner, as ex officio member of the Milk Control Board, had the same authority as the appointed members enjoyed. In explaining this position, we cited Seiler v. O’Maley, 190 Ky. 190, 227 S.W. 141, 143 (1921). In pertinent part, the Seiler court stated:
“[W]e can see no logical reason nor has one been presented to us, why an ex officio member of a representative body should not have, in cases where he is not personally interested, all of the authority of other members.... [W]hen one is made by the proper authority an ex offi-cio member of a created body or board, it is to be presumed that those responsible for its creation had some purpose in view in designating the ex officio member. Manifestly that purpose was to constitute that individual a member of the board or body because of his holding some office of trust, and that whoever held that office should perform, in addition to his official duties, also those incumbent upon the board of which he was made an ex officio member.”
It may appear that, logically, the converse of this position is that an ex officio member would incur the same liabilities as those incurred by other members of the body. We see no logical purpose that would be served by such a blanket holding by this Court. The facts of the present litigation are appreciably different from those presented in Barber. Daigle, as hospital administrator, served as an ex officio member of all the committees at Springhill Memorial Hospital. There was no evidence that Daigle took, or was expected to take, an active role in the functions of the safety committee. Absent a showing of active concert with the safety committee, it would be imprudent to hold that Daigle assumed personal liability for any inadvertence of hospital-wide committees. To do so would expose him and those similarly situated to virtually unlimited personal liability.
For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.